UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANNON LEWANDOWSKI,

    Plaintiff,

v.                                    Case No. 16C1089

CITY OF MILWAUKEE,

    Defendant.

## DECLARATION OF ROBIN PEDERSON

I, Robin Pederson, hereby declare as follows:

1. I am employed by the City of Milwaukee in the Office of the City Attorney as an assistant city attorney.

2. I am assigned to the above captioned case to represent the Defendant, City of Milwaukee, and I am the attorney of record.

3. Shannon Lewandowski ("Plaintiff") was an employee of the City of Milwaukee in the Milwaukee Police Department ("MPD") and most recently held the rank of detective.

4. On January 19, 2015, while on duty and operating a department owned vehicle, the Plaintiff was involved in an auto collision with a civilian owned and operated vehicle.

5. Attached hereto as Exhibit 1 is a true and correct copy of a memo from Sgt. Adam Zieger dated March 7.

6. On January 29, 2015, the MPD Internal Affairs Division ("IAD") opened an internal investigation targeting the Plaintiff regarding an allegation of misconduct in public office as it related to the circumstances surrounding the auto collision. (Ex. 1.)

7. Specifically, regarding ¶6 above, the IAD was investigating whether the Plaintiff was operating her department vehicle according to state law and department policy, and whether the Plaintiff was responding to official department business.

8. Attached hereto as Exhibit 2 is a true and correct copy of a letter from Michael Brunson dated November 20, 2015.

9. On or around November 2015, the IAD expanded its initial investigation to look into an allegation that the Plaintiff failed to be forthright and candid in connection with the accident investigation and related internal investigation. (Ex. 2.)

10. Attached hereto as Exhibit 3 is a true and correct copy of Personnel Order 2015 – 150.

11. On December 16, 2015, the three charges against the Plaintiff were found to be substantiated by the Chief of Police pursuant to the internal investigation. (Ex. 3.)

12. The Chief issued discipline for the charges, including a five day suspension for one charge, a 30 day suspension for another, and discharge for the final charge of failure to be forthright and candid.

13. Attached hereto as Exhibit 4 is a true and correct copy of the Plaintiff's appeal to the FPC.

14. The Plaintiff appealed the Chief's discipline decision to the Milwaukee Fire and Police Commission ("FPC"). (Ex. 4.)

15. The FPC held a hearing regarding the Plaintiff's appeal of discipline on August 10 and 11, 2016, at which I represented the Chief of Police.

16. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of the transcripts in the Plaintiff's appeal to the FPC.

17. At the hearing, the Plaintiff presented testimony that the MPD investigations targeting her and the discipline imposed by the Chief were due to sex discrimination and retaliation for having engaged in protected activity. (Ex. 5 at 266-67, 313-14, 318-19.)

18. Furthermore, at the hearing, the Plaintiff was provided ample opportunity to present any and all defenses against the complaint filed against her, including any claims of employment discrimination or retaliation in violation of any state or federal law, including the Wisconsin Fair Employment Act or Title VII or other rights, including §1983. (*See* Ex. 5.)

19. On August 11, 2016, the commissioners voted and found unanimously, pursuant to the seven just cause factors in Wis. Stat. §62.50, that the Plaintiff had violated all of the charges filed against her, and that discipline imposed by the Chief, including the discharge, should be sustained. (Ex. 5 at 439, 472-73.)

20. Attached hereto as Exhibit 6 is a true and correct copy of the decision of the FPC.

21. The decision reflects that there was consideration of all evidence presented by both sides of comparable or similarly situated persons and the results of past disciplinary cases in order to determine if there was justified or disparate treatment of the Plaintiff. (*See* Ex 6.)

22. The sixth just cause factor requires the commissioners to determine if the Chief applied the rule or order fairly and without discrimination against the Plaintiff. Wis. Stat. § 62.50(17)(b)6.

23. The commissioners determined that the chief satisfied "the sixth standard by a preponderance of the evidence." (Ex. 6 ¶30.)

24. The commissioners specifically found that there was no evidence to support plaintiff's claim of retaliation. (Ex. 6 ¶24.)

25. On August 15, 2016, the Plaintiff filed the instant action. (ECF No. 1)

3

26. Attached hereto as Exhibit 7 is a true and correct copy of the complaint filed in the discipline of the plaintiff.

27. In the instant action, the claims and underlying factual record are the same as those contained in the FPC discipline hearing, i.e., there is an identity of claims and issues between them. (*See* Ex. 7.)

28. Plaintiff appealed the decision of the FPC to Milwaukee County Circuit Court, and on January 13, 2017, filed its initial brief.

29. Attached hereto as Exhibit 8 is a true and correct copy of the Plaintiff's initial brief.

30. In her initial brief, Plaintiff raises the issue of retaliation in a narrow context; however, does not address discrimination directly. (Ex. 8 at 6, 15.)

31. Attached hereto as Exhibit 9 is a true and correct copy of the Defendant's brief in response.

32. Defendant's brief contains no substantive discussion of discrimination or retaliation. (*See* Ex. 9.)

33. Attached hereto as Exhibit 10 is a true and correct copy of the Plaintiff's reply brief.

34. Plaintiff's reply brief contains no substantive discussion of discrimination or retaliation. (*See* Ex. 10.)

35. Attached hereto as Exhibit 11 is a true and correct copy of the Decision and Order of the Circuit Court.

36. On June 6, 2017, the Circuit Court affirmed the decision of the FPC. (Ex. 11.)

37. The Circuit Court's Decision and Order contains no substantive discussion of discrimination or retaliation; however, it does note the sixth just cause factor. (See. Ex. 11.)

38. Attached hereto as Exhibit 12 is a true and correct copy of the Wisconsin Appellate Court Access minutes to Plaintiff's appeal of the decision and order of the circuit court.

39. On August 7, 2017, the Appellate Court dismissed Plaintiff's appeal for failure to pay the filing fee, and thus no decision on the merits of her appeal to the Appellate Court was made. (Ex. 12.)

40. The decisions of the FPC and the circuit court (Ex. 6; Ex. 11) constitute a final judgment on the merits of their relative actions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2018.

s/ ROBIN PEDERSON

5

Case 2:16-cv-01089-WED   Filed 01/03/18   Page 5 of 5   Document 38