UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANNON LEWANDOWSKI,

    Plaintiff,

v.                                          Case No. 16C1089

CITY OF MILWAUKEE,

    Defendant.

BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS ON THE BASIS OF CLAIM AND ISSUE PRECLUSION

      Defendant City of Milwaukee brings a motion to dismiss with prejudice the instant matter upon the principles of judicial economy, issue preclusion, and claim preclusion.

## FACTUAL BACKGROUND

      Plaintiff Shannon Lewandowski was an employee of the City of Milwaukee in the Milwaukee Police Department ("MPD") and most recently held the rank of detective. (Defendant's Proposed Findings of Fact ("DPFOF") ¶ 1.) On January 19, 2015, while on duty and operating a department owned vehicle, the Plaintiff was involved in an auto collision with a civilian owned and operated vehicle. (DPFOF ¶2.)

      On January 29, 2015, the MPD Internal Affairs Division ("IAD") opened an internal investigation targeting the Plaintiff regarding an allegation of misconduct in public office as it related to the circumstances surrounding the auto collision. (DPFOF ¶4.) Specifically, the IAD was investigating whether the Plaintiff was operating her department vehicle according to state law and department policy, and whether the Plaintiff was responding to official department business. (DPFOF ¶5.) In or around November 2015, the IAD expanded its initial investigation

to look into an allegation that the Plaintiff failed to be forthright and candid in connection with the accident investigation and related internal investigation. (DPFOF ¶7.)

On December 16, 2015, the three charges against the Plaintiff were found to be substantiated by the Chief of Police pursuant to the internal investigation. (DPFOF ¶9.) The Chief issued discipline for the charges, including a five-day suspension for one charge, a 30-day suspension for another, and discharge for the final charge of failure to be forthright and candid. (DPFOF ¶10.)

The Plaintiff appealed the Chief's discipline decision to the Milwaukee Fire and Police Commission ("FPC"). (DPFOF ¶12.) The FPC held a hearing regarding the Plaintiff's appeal of discipline on August 10 and 11, 2016. (DPFOF ¶13.) At the hearing, the Plaintiff presented testimony that the MPD investigations targeting her and the discipline imposed by the Chief were due to sex discrimination and retaliation for having engaged in protected activity. (DPFOF ¶15.) Furthermore, at the hearing, the Plaintiff was provided ample opportunity to present any and all defenses against the complaint filed against her, including any claims of employment discrimination or retaliation in violation of any state or federal law, including the Wisconsin Fair Employment Act or Title VII or other rights, including §1983. (DPFOF ¶16.)

On August 11, 2016, the commissioners voted and found unanimously, pursuant to the seven just cause factors in Wis. Stat. §62.50, that the Plaintiff had violated all of the charges filed against her, and that discipline imposed by the Chief, including the discharge, should be sustained. (DPFOF ¶17.) The decision reflects that there was consideration of all evidence presented by both sides of comparable or similarly situated persons and the results of past disciplinary cases in order to determine if there was justified or disparate treatment of the Plaintiff. (DPFOF ¶19.)

The sixth just cause factor requires the commissioners to determine if the Chief applied the rule or order fairly and without discrimination against the Plaintiff. (DPFOF ¶20.) The commissioners determined that the chief satisfied "the sixth standard by a preponderance of the evidence." (DPFOF ¶ 21.) The commissioners specifically found that there was no evidence to support plaintiff's claim of retaliation. (DPFOF ¶22.)

On August 15, 2016, the Plaintiff filed the instant action. (DPFOF ¶23.) In the instant action, the claims and underlying factual record are the same as those contained in the FPC discipline hearing, i.e., there is an identity of claims and issues between them. (DPFOF ¶25.)

Plaintiff appealed the decision of the FPC to Milwaukee County Circuit Court, and on January 13, 2017, filed its initial brief. (DPFOF ¶26.) In her initial brief, Plaintiff raises the issue of retaliation in a narrow context; however, does not address discrimination directly. (DPFOF ¶28.) Defendant's brief contains no substantive discussion of discrimination or retaliation. (DPFOF ¶30.) Plaintiff's reply brief contains no substantive discussion of discrimination or retaliation. (DPFOF ¶32.) On June 6, 2017, the Circuit Court affirmed the decision of the FPC. (DPFOF ¶34.) The Circuit Court's Decision and Order contains no substantive discussion of discrimination or retaliation; however, it does note the sixth just cause factor. (DPFOF ¶35.) On August 7, 2017, the Appellate Court dismissed Plaintiff's appeal for failure to pay the filing fee, and thus no decision on the merits of her appeal to the Appellate Court was made. (DPFOF ¶37.)

The decisions of the FPC and the circuit court constituted a final judgment on the merits of their relative actions. (DPFOF ¶38.)

## CLAIM PRECLUSION

I.  Standard Of Review

In Wisconsin, the Department of Workforce Development, Equal Rights Division

3

("DWD"), is the agency that administrates the state's anti-employment-discrimination law, the Wisconsin Fair Employment Act ("WFEA"); however, the DWD does not have jurisdiction over discrimination claims arising from fire and police commissions. The Supreme Court of Wisconsin has held:

> Disciplinary terminations of city firefighters [and police officers] are imposed and reviewed pursuant to the procedures established in Wis. Stat. § 62.13(5). The statutory procedure requires the PFC to determine whether any proposed disciplinary termination is supported by just cause, which includes a determination of whether the rule or order allegedly violated by the firefighter [or police officer] is reasonable and is being applied without discrimination. Wis. Stat. § 62.13(5)(em)2. and 6. Any termination sustained by the PFC under Wis. Stat. § 62.13(5)(em) and (f) is subject only to judicial review in circuit court pursuant to Wis. Stat. § 62.13(5)(i), or in certain circumstances by common law certiorari. Accordingly, **any claim that a disciplinary termination is discriminatory under the WFEA must be raised before the PFC, the agency with exclusive statutory authority under Wis. Stat. § 62.13(5) to review disciplinary actions against firefighters [and police officers]. The DWD may not take jurisdiction over a WFEA complaint arising out of a decision of a PFC to terminate a firefighter [or police officer].**

*City of Madison v. State Dep't of Workforce Dev., Equal Rights Div.*, 2003 WI 76, ¶ 2, 262 Wis. 2d 652, 656–57, 664 N.W.2d 584, 586–87 (emphasis added). Therefore, claim preclusion applies to any claim the Plaintiff might bring under the WFEA or in relation to rights protecting the same or similar interests under other law.

In the Seventh Circuit Court of Appeals case of *Krison v. Nehls*, 767 F.2d 344, 346 (7th Cir. 1985), a Milwaukee police officer applied for duty disability retirement, but was denied by the Pension Board. *Id*. at 346. The officer did not appeal the board's decision, but four years later attempted to renew his application, which was denied, and he appealed until the Wisconsin Court of Appeals held that the officer's failure to appeal the initial decision deprived the board of authority to grant a duty disability retirement, and that a newly raised due process claim was

4

waived for failure to have brought it up during the appeal to the circuit court. *Id*. The officer then brought a § 1983 suit in federal district court claiming deprivation of due process, but his claim was dismissed based on claim preclusion – he then appealed to the Seventh Circuit. *Id*.

The *Krison* court held that federal courts are bound by the full faith and credit statute in § 1983 actions, "to give a prior state court judgment the same preclusive effect as would the courts of the state in which the judgment was rendered," and that the rule applied "with equal force to claims that could have been raised, but were not, in the state court proceedings." *Id*. at 347–48. Provided that the state proceeding satisfied the minimum due process requirements of the Fourteenth Amendment, the state finding should stand. *Id*. at 348.

Further, the *Krison* court stated that

> claim preclusion, applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are therefore bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. The essential elements of the doctrine, therefore, are (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later actions; and (3) an identity of parties or their privies in the two actions.
>
> Wisconsin law on res judicata follows the general rule stated above and includes claims which were litigated or which might have been litigated in the former proceedings. Wisconsin has adopted the "transactional" approach to determine whether a claim is barred by res judicata. This approach, which is gaining greater acceptance by courts nationwide, focuses on the factual situation in which the actions arise. If both suits arise from the same transaction, incident or factual situation, res judicata generally will bar the second suit.

*Id*. at 349 (internal quotation marks and citations omitted). The *Krison* court held that all of the elements were satisfied and that the officer's claims were barred by claim preclusion.

5

II. Argument

The Plaintiff's Complaint (ECF No. 1) is lengthy, but its substantive claims clearly relate to the same claims and underlying factual record that were at issue in the FPC disciplinary appeal hearing, which implicate both issue preclusion and claim preclusion. The Complaint centers on the Plaintiff's allegations of discrimination, harassment, and retaliation based on her sex as it related to her discipline, particularly her discharge, and her relationship with Melanie Beasley. It further raises issues of disparate treatment regarding male department members who were not discharged after being found to have violated department rules. These are all facts and claims that were considered by the FPC, and were subject to consideration by the Milwaukee County Circuit Court in the Plaintiff's appeal, provided and to the extent that she raised the issue and argued it as a defense against satisfaction of any of the just cause factors, particularly the sixth factor, which requires that "the chief [] apply[] the rule or order fairly and without discrimination." Wis. Stat. § 62.50(17)(b)(6).

Defendant respectfully submits that the claims and decisions of the FPC and the circuit court qualify to preclude the claims of the Plaintiff in the instant case. It is clear that there is an identity of cause of action in claims (i.e., discrimination, retaliation, discriminatory violation of civil and due process rights) that have been brought or could have been brought, and an identity of parties. The only remaining element to satisfy the test set forth by the *Krison* court is a final judgment on the merits, which is established by the decisions of the FPC and the circuit court, which both made their decision in consideration of whether application of the rule or order against the Plaintiff was made fairly and without discrimination, from which Plaintiff had a right to appeal.

6

It should be noted that cited portions of *Krison* above relate to a § 1983 claim, not a Title VII claim. That did not present any obstacle to its dismissal, nor should it present any here. Plaintiff has claimed both § 1983 and Title VII, but they arise from the same facts, protect essentially the same interests,[1] the §1983 claim could have been raised in a state court, and in addition to the statutory appeal provided to her under § 62.50, Plaintiff could have appealed on common law certiorari grounds, although she did not. *See id*. (*See* Ex. 8.)

ISSUE PRECLUSION

I. Standard of Review

Issue preclusion, where properly invoked, bars relitigation of an issue of fact or law which was previously decided in a judicial proceeding, provided that the party not seeking preclusion had a full and fair opportunity to litigate the issues sought to be precluded in the earlier proceeding. *Allen v. McCurry,* 449 U.S. 90, 94–95 (1980). It is Wisconsin law on issue preclusion that must be used to determine if the issues at bar should be precluded. *See Stephan v. Rocky Mountain Chocolate Factory, Inc.,* 136 F.3d 1134, 1136 (7th Cir. 1998).

According to the Seventh Circuit Court of Appeals:

> In Wisconsin (as in most states), the question whether issue preclusion applies depends on two criteria. The first (the "actually litigated step") requires that "the question of fact or law that is sought to be precluded actually must have been litigated in a previous action and [have been] necessary to the judgment." The second (the "fundamental fairness step") requires the court to

---

[1] According to the United States Supreme Court, a public employee's equal protection claim cannot be based upon a "class-of-one" theory, i.e., a public employee cannot "state a claim under the Equal Protection Clause by alleging that she was arbitrarily treated differently from other similarly situated employees, with no assertion that the different treatment was based on the employee's membership in any particular class." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 594, 608-09 (2008). The Seventh Circuit has stated that its "cases make clear that the same standards for proving intentional discrimination apply to Title VII and § 1983 equal protection." *Williams v. Seniff*, 342 F.3d 774, 788 (7th Cir. 2003). In another case, the Seventh Circuit held that in order "[t]o state a First Amendment retaliation claim, [a plaintiff must plausibly allege that (1) he engaged in activity protected by the First Amendment, (2) he suffered an adverse action that would likely deter future First Amendment activity, and (3) the First Amendment activity was 'at least a motivating factor' in the defendants' decision to retaliate." *Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012).

7

> "determine whether it is fundamentally fair to employ issue preclusion given the circumstances of the particular case at hand." Relevant factors for the latter inquiry include the availability of review of the first judgment, differences in the quality or extensiveness of the proceedings, shifts in the burden of persuasion, and the adequacy of the loser's incentive to obtain a full and fair adjudication of the issue. The fundamental fairness step eschews formalistic requirements in favor of "a looser, equities-based interpretation of the doctrine."

*First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 773 (7th Cir. 2013)(citations omitted).

II. Argument

Here, as to the first part of the test, as indicated previously, even a cursory review of the documents in the FPC appeal and the instant complaint reveal that many of the factual and legal issues were actually litigated at the FPC hearing (or should have been), and ether were or should have been addressed in the appeal to state circuit court. The second part of the test is satisfied in that the Plaintiff was provided extensive due process, including discovery, and proceedings (two days of hearing at the FPC and extensive briefing for the circuit court); the burden of persuasion is the same – preponderance of the evidence; and the Plaintiff's incentive to engage in litigation was high due to her job being on the line.

Because issue preclusion applies to the factual and legal issues present in the instant matter regarding the FPC written decision and the subsequent appeal to circuit court, the instant matter should be dismissed consistent with the findings of those bodies which included that the Plaintiff was not subjected to employment discrimination or retaliation.

CONCLUSION

The Defendant respectfully submits that its Motion to Dismiss should be granted for the foregoing reasons and arguments. The motion is filed with this memorandum in support, and the Declaration of Robin Pederson and exhibits, incorporated herein by reference.

Dated and signed at Milwaukee, Wisconsin 3 day of January, 2018.

8

GRANT F. LANGLEY
City Attorney

s/ ROBIN A. PEDERSON
Assistant City Attorney
State Bar No. 01045759
Attorneys for Defendant
Milwaukee City Attorney's Office
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
Email: rpederson@milwaukee.gov