UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

SHANNON LEWANDOWSKI

      Plaintiff,

  v.                               Case No: 16-CV-1089

CITY OF MILWAUKEE

      Defendant.

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

---

**Introduction**

Defendant erroneously claims that this Title VII and 42 U.S.C. § 1983 sex discrimination and retaliation case should be dismissed because Plaintiff exercised her right to Fire and Police Commission review of whether "good cause" existed under state law for her termination from the Milwaukee Police Department. The great weight of the case law dictates otherwise.

**Defense Counsel's Declaration is Invalid**

Moreover, Defendant bases its motion on alleged facts outlined in an unsworn declaration from Defendant's attorney without any statement that he has personal knowledge of such facts, thereby negating the factual basis for the motion. In federal court, an unsworn declaration must be dated, made in writing, and subscribed by the declarant "as true under penalty of perjury" with a reference to 28 U.S.C. § 1746. Attorney Pederson's declaration does not reference the statute, and it contains no evidence that it is based upon his personal knowledge; even if it was so based, it is completely improper for the defense attorney to personally vouch for and provide the factual

basis of claims in his client's defense. If he wants to testify, he cannot remain the attorney for the Defendant. The federal courts share the legal profession's disapproval of the dual role of advocate and witness, and have "universally condemned" the practice of a government prosecutor's testifying at a trial in which he is participating; such testimony is permitted only in extraordinary circumstances and for compelling reasons. *United States v. Johnston*, 664 F.2d 152, 155-56 (7th Cir. 1981). Where the attorney's appearance is unavoidable, however, numerous courts have insisted that the attorney withdraw from the case. *Id.* Here, the attorney's appearance is completely avoidable and merely reflects his unwillingness to have a fact witness sign the declaration. Plaintiff submits that it should be stricken.

## Legal Standard for *Res Judicata*

As Defendant notes, whether *res judicata* applies in this case depends on two criteria: (1) whether "the question of fact or law that is sought to be precluded [was] litigated in a previous action and necessary to the judgment;" and (2) whether it is fundamentally fair to employ issue preclusion given the circumstances of the particular case at hand." *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 773 (7th Cir. 2013) (citations omitted). *First Weber Grp*, however (the only case cited in support of Defendant's assertion), is easily distinguishable on its facts from the case at bar because it concerns determinations made in a bankruptcy case.

A determination arising solely under one statute is not automatically binding when a similar question arises under another statute. *See Title v. Immigration and Naturalization Service*, 322 F.2d 21, 25 n. 11 (9th Cir. 1963); 2 K. Davis, ADMINISTRATIVE LAW TREATISE § 18.04, at 577-78 (1958). This is because the purposes, requirements, perspective and configuration of different statutes vary. The Seventh Circuit has recognized that "other well-defined federal policies, statutory or constitutional" may compete with, but not eclipse,

2

principles of *res judicata*. *See, i.e., Batiste v. Furnco Constr. Corp.*, 503 F.2d 447, 450 (7th Cir. 1974).

In *Tipler v. E. I. Du Pont de Nemours & Co.,* 443 F.2d 125 (6th Cir. 1971), the NLRB found that the claimant had been fired for cause and dismissed the claim, and the Sixth Circuit held that the Title VII claim of racially motivated discharge was not barred by the NLRB's adjudication of the reasons for the discharge; this conclusion was based on the important differences between the purposes and requirements of Title VII and those of the National Labor Relations Act. *Id.* at 129; see *Willis v. Chicago Extruded Metals Co.*, 358 F. Supp. 848, 851 (N.D. Ill. 1973). Specifically, the *Tipler* court noted that certain racially discriminatory practices that are not forbidden by the NLRA may be invalid under Title VII, and that the NLRB therefore did not adequately consider the factors involved in a Title VII violation. *Tipler*, 443 F.2d at 129. Racial discrimination in employment is an unfair labor practice that violates Section 8(a)(1) of the National Labor Relations Act if the discrimination is unjustified and interferes with the affected employees' right to act concertedly for their own aid or protection. *United Packinghouse, Food & Allied Workers International Union v. National Labor Relations Board*, 135 U.S. App. D.C. 111, 416 F.2d 1126, 1135, *cert. denied*, 396 U.S. 903, 90 S. Ct. 216, 24 L. Ed. 2d 179 (1969). In contrast, racial discrimination in employment is prohibited by Title VII without reference to the effect on the employees' right to act collectively. Hence, certain discriminatory practices that are valid under the National Labor Relations Act may be invalid under Title VII. *See Taylor v. Armco Steel Corp.*, 429 F.2d 498 (5th Cir. 1970). *See generally*, Fuchs & Ellis, Title VII: Relationship and Effect on the National Labor Relations Board, 7 B.C. Ind. & Com. L. Rev. 575, 597-600 (1966).

## *Res Judicata* Does Not Apply in This Case

In this case it would be inappropriate to apply *res judicata* to the Fire & Police Commission's decision. The issue here is whether Plaintiff's dismissal violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. The Fire and Police Commission decision, on the other hand, dealt with an alleged violation of the police union contract and of the Wisconsin statute, § 62.13, defining "good cause." Although these two acts are not totally dissimilar, their differences significantly overshadow their similarities.

> WIS. STAT. § 62.13(5)(em) provides:
>
> No subordinate may be suspended, reduced in rank, suspended and reduced in rank, or removed by the board under par. (e), based on charges filed by the board, members of the board, an aggrieved person or the chief under par. (b), unless the board determines whether there is just cause, as described in this paragraph, to sustain the charges. In making its determination, the board shall apply the following standards, to the extent applicable:
> **1.** Whether the subordinate could reasonably be expected to have had knowledge of the probable consequences of the alleged conduct.
> **2.** Whether the rule or order that the subordinate allegedly violated is reasonable.
> **3.** Whether the chief, before filing the charge against the subordinate, made a reasonable effort to discover whether the subordinate did in fact violate a rule or order.
> **4.** Whether the effort described under subd. 3. was fair and objective.
> **5.** Whether the chief discovered substantial evidence that the subordinate violated the rule or order as described in the charges filed against the subordinate.
> **6.** Whether the chief is applying the rule or order fairly and without discrimination against the subordinate.
> **7.** Whether the proposed discipline reasonably relates to the seriousness of the alleged violation and to the subordinate's record of service with the chief's department.

The procedures for an administrative hearing on a police officer's termination are contained in WIS. STAT. § 62.13(5)(i):

> Any person suspended, reduced, suspended and reduced, or removed by the board may appeal from the order of the board to the circuit court by serving written notice of the appeal on the secretary of the board within 10 days after the order is filed. Within 5 days after receiving written notice of the appeal, the board shall

4

> certify to the clerk of the circuit court the record of the proceedings, including all documents, testimony and minutes. The action shall then be at issue and shall have precedence over any other cause of a different nature pending in the court, which shall always be open to the trial thereof. The court shall upon application of the accused or of the board fix a date of trial, which shall not be later than 15 days after such application except by agreement. The trial shall be by the court and upon the return of the board, except that the court may require further return or the taking and return of further evidence by the board. The question to be determined by the court shall be: Upon the evidence is there just cause, as described under par. (em), to sustain the charges against the accused? No costs shall be allowed either party and the clerk's fees shall be paid by the city. If the order of the board is reversed, the accused shall be forthwith reinstated and entitled to pay as though in continuous service. If the order of the board is sustained it shall be final and conclusive.

No discovery is provided for in the statute. These legal requirements for challenging a police officer's termination pursuant to § 62.13 bear little resemblance to an administrative charge followed by a federal court lawsuit for sex discrimination, retaliation, and equal protection.

To the extent that Defendant implies that use of the hearing procedure under § 62.13 is the ***exclusive remedy*** for Title VII and constitutional violations present here, that is absolutely false. *Krison v. Nehls*, 767 F.2d 344, 346 (7th Cir. 1985), inexplicably cited by Defendant here for such purpose, does not apply—that plaintiff brought two suits regarding his duty disability application and the second was barred by the first. On the one hand, the Fire & Police Commission has jurisdiction to hear unfair labor practice but is ***not*** empowered to hear a civil rights claim; thus, because the federal court could ***not*** hear the unfair labor practice grievance and the state tribunal could ***not*** hear the civil rights claim, Plaintiff was forced to split her claims as she did. *See Carver v. Nall,* 172 F.3d 513, 516 (7th Cir. 1999). Claim preclusion does not operate so harshly as to bar whichever set of claims the chosen forum could not hear. *Carver,* 172 F.3d at 516, *citing Waid v. Merrill Area Pub. Sch.,* 91 F.3d 857, 865 (7th Cir. 1996), *discussing* RESTATEMENT (SECOND) OF JUDGMENTS § 26, cmt. c.

In *Balcerzak v. City of Milwaukee*, 163 F.3d 993 (7th Cir. 1998), the Court cited *Jones v.*

*City of Alton, Illinois*, 757 F.2d 878 (7th Cir. 1985), in which a black police officer did attempt to introduce evidence before the civil service commission and the Illinois state courts that punishments for white officers accused of similar misconduct were comparably lighter. *Balcerzak,* 163 F.3d at 996. In *Jones*, both the commission and the Illinois courts dismissed such evidence as irrelevant. The Court held that the plaintiff had not been afforded a full and fair opportunity to litigate the issue in state court, and allowed his § 1983 suit to proceed. *Jones,* 757 F.2d at 886. The operation of Wisconsin law here would deny Plaintiff an opportunity to fully and fairly litigate her claims; there are due process limitations on when claim or issue preclusion could act as a bar in a § 1983 suit—if a litigant were denied a full and fair opportunity to litigate, subsequent relitigation would not be barred. *Balcerzak,* 163 F.3d at 996, *citing Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 482, 102 S. Ct. 1883, 1898, 72 L. Ed. 2d 262 (1982).

Plaintiff brought this lawsuit on August 15, 2016, significantly before the Fire & Police Commission's ruling against Plaintiff on November 17, 2016, and this case is ***not*** an appeal from the Fire & Police Commission's decision. Plaintiff ***could not*** bring any separate claims for discrimination or retaliation before the Fire & Police Commission or add claims to her limited appeal from that decision. Plaintiff was not allowed to present evidence fully supporting her sex discrimination, retaliation and equal protection claims before the Commission, because they had no jurisdiction over those claims and did not consider the evidence relevant in that proceeding. As Defendant notes, "issue preclusion, where properly invoked, bars relitigation of an issue of fact or law which was previously decided in a judicial proceeding, provided that the party not seeking preclusion had a full and fair opportunity to litigate the issues sought to be precluded in the earlier proceeding. *Allen v. McCurry,* 449 U.S. 90, 94–95 (1980)." Without such an

opportunity to fully and fairly litigate her Title VII and constitutional claims, *res judicata* should not bar this lawsuit by Plaintiff.

## Conclusion

*Res judicata* does not preclude Plaintiff's Title VII and constitutional claims from proceeding in this Court, the Defendant's motion and declaration are improperly submitted, and this Court should therefore deny Defendant's Motion to Dismiss in its entirety.

Dated this 13th day of February, 2018.

                                          HEINS EMPLOYMENT LAW PRACTICE LLC
                                          Counsel for the Plaintiff

                                          *s/ Janet L. Heins*
                                          Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com