UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SHANNON LEWANDOWSKI,

    Plaintiff,

vs.                                            Case No. 16-CV-1089

CITY OF MILWAUKEE,

    Defendant.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S PROPOSED FINDINGS OF FACT**

    1.    Shannon Lewandowski ("Plaintiff") was an employee of the City of Milwaukee in the Milwaukee Police Department ("MPD") and most recently held the rank of detective. (Decl. of Robin Pederson ("Pederson Decl.") ¶3.)  **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

    2.    On January 19, 2015, while on duty and operating a department owned vehicle, the Plaintiff was involved in an auto collision with a civilian owned and operated vehicle. (Pederson Decl. ¶4.)  **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections,**

**ADMIT**

3. Exhibit 1 is a true and correct copy of a memo from Sgt. Adam Zieger dated March 7. (Pederson Decl. ¶5.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

4. On January 29, 2015, the MPD Internal Affairs Division ("IAD") opened an internal investigation targeting the Plaintiff regarding an allegation of misconduct in public office as it related to the circumstances surrounding the auto collision. (Pederson Decl. ¶5.) (Ex. 1.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

5. Specifically, regarding ¶4 above, the IAD was investigating whether the Plaintiff was operating her department vehicle according to state law and department policy, and whether the Plaintiff was responding to official department business. (Pederson Decl. ¶7.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

6. Exhibit 2 is a true and correct copy of a letter from Michael Brunson dated November 20, 2015. (Pederson Decl. ¶9.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of**

**perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

7. On or around November 2015, the IAD expanded its initial investigation to look into an allegation that the Plaintiff failed to be forthright and candid in connection with the accident investigation and related internal investigation. (Pederson Decl. ¶8.) (Ex. 2.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

8. Exhibit 3 is a true and correct copy of Personnel Order 2015 – 150. (Pederson Decl. ¶10.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

9. On December 16, 2015, the three charges against the Plaintiff were found to be substantiated by the Chief of Police pursuant to the internal investigation. (Pederson Decl. ¶11.) (Ex. 3.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY, because she was not allowed to present evidence as to her Title VII and constitutional claims**

10. The Chief issued discipline for the charges, including a five day suspension for

one charge, a 30 day suspension for another, and discharge for the final charge of failure to be forthright and candid. (Pederson Decl. ¶12.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

11. Exhibit 4 is a true and correct copy of the Plaintiff's appeal to the FPC. (Pederson Decl. ¶13.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

12. The Plaintiff appealed the Chief's discipline decision to the Milwaukee Fire and Police Commission ("FPC"). (Pederson Decl. ¶14.) (Ex. 4.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

13. The FPC held a hearing regarding the Plaintiff's appeal of discipline on August 10 and 11, 2016. (Pederson Decl. ¶15.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

14. Exhibit 5 is a true and correct copy of excerpts of the transcripts in the Plaintiff's appeal to the FPC. (Pederson Decl. ¶16.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

15. At the hearing, the Plaintiff presented testimony that the MPD investigations targeting her and the discipline imposed by the Chief were due to sex discrimination and retaliation for having engaged in protected activity. (Pederson Decl. ¶17.) (Ex. 5 at 266-67, 313-14, 318-19.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT IN PART (The Commission refused to hear all of the evidence Plaintiff wanted to present)**

16. Furthermore, at the hearing, the Plaintiff was provided ample opportunity to present any and all defenses against the complaint filed against her, including any claims of employment discrimination or retaliation in violation of any state or federal law, including the Wisconsin Fair Employment Act or Title VII or other rights, including §1983. (Pederson Decl. ¶18.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY, because she was not allowed to present evidence as to her Title VII and constitutional claims**

17. On August 11, 2016, the commissioners voted and found unanimously, pursuant to the seven just cause factors in Wis. Stat. §62.50, that the Plaintiff had violated all of the charges filed against her, and that discipline imposed by the Chief, including the discharge, should be sustained. (Pederson Decl. ¶19.) (Ex. 5 at 439, 472-73.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

18. Exhibit 6 is a true and correct copy of the decision of the FPC. (Pederson Decl. ¶20.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

19. The decision reflects that there was consideration of all evidence presented by both sides of comparable or similarly situated persons and the results of past disciplinary cases in order to determine if there was justified or disparate treatment of the Plaintiff. (Pederson Decl. ¶21.) (*See* Ex 6.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

20. The sixth just cause factor requires the commissioners to determine if the Chief applied the rule or order fairly and without discrimination against the Plaintiff. (Pederson Decl. ¶22.) Wis. Stat. § 62.50(17)(b)6. **OBJECTION, Defendant has improperly submitted an**

**unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT, but she was not allowed to present evidence as to her Title VII and constitutional claims**

21. The commissioners determined that the chief satisfied "the sixth standard by a preponderance of the evidence." (Pederson Decl. ¶23.) (Ex. 6 ¶30.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT, but she was not allowed to present evidence as to her Title VII and constitutional claims**

22. The commissioners specifically found that there was no evidence to support plaintiff's claim of retaliation. (Pederson Decl. ¶24.) (Ex. 6 ¶24.)

**OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT, but she was not allowed to present evidence as to her Title VII and constitutional claims**

23. On August 15, 2016, the Plaintiff filed the instant action. (Pederson Decl. ¶25.) (ECF No. 1) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside**

**the pleadings on a motion to dismiss; subject to those objections, ADMIT**

24. Exhibit 7 is a true and correct copy of the complaint filed in the discipline of the plaintiff. (Pederson Decl. ¶26.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

25. In the instant action, the claims and underlying factual record are the same as those contained in the FPC discipline hearing, i.e., there is an identity of claims and issues between them. (Pederson Decl. ¶27.) (*See* Ex. 7.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY, because she was not allowed to present evidence as to her Title VII and constitutional claims**

26. Plaintiff appealed the decision of the FPC to Milwaukee County Circuit Court, and on January 13, 2017, filed its initial brief. (Pederson Decl. ¶28.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

27. Exhibit 8 is a true and correct copy of the Plaintiff's initial brief. (Pederson Decl. ¶29.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his**

**personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

28. In her initial brief, Plaintiff raises the issue of retaliation in a narrow context; however, does not address discrimination directly. (Pederson Decl. ¶30.) (Ex. 8 at 6, 15.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT, because she was not allowed to present such evidence**

29. Exhibit 9 is a true and correct copy of the Defendant's brief in response. (Pederson Decl. ¶31.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

30. Defendant's brief contains no substantive discussion of discrimination or retaliation. (Pederson Decl. ¶32.) (*See* Ex. 9.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT, because she was not allowed to present such evidence**

31. Exhibit 10 is a true and correct copy of the Plaintiff's reply brief. (Pederson Decl. ¶33.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his**

**personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

32. Plaintiff's reply brief contains no substantive discussion of discrimination or retaliation. (Pederson Decl. ¶34.) (*See* Ex. 10.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT, because she was not allowed to present such evidence**

33. Exhibit 11 is a true and correct copy of the Decision and Order of the Circuit Court. (Pederson Decl. ¶35.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

34. On June 6, 2017, the Circuit Court affirmed the decision of the FPC. (Pederson Decl.¶36.) (Ex. 11.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

35. The Circuit Court's Decision and Order contains no substantive discussion of discrimination or retaliation; however, it does note the sixth just cause factor. (Pederson Decl. ¶37.) (See. Ex. 11.) **OBJECTION, Defendant has improperly submitted an unsworn**

10

Case 2:16-cv-01089-WED   Filed 02/13/18   Page 10 of 12   Document 41

declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT, because she was not allowed to present such evidence**

36. Exhibit 12 is a true and correct copy of the Wisconsin Appellate Court Access minutes to Plaintiff's appeal of the decision and order of the circuit court. (Pederson Decl. ¶38.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

37. On August 7, 2017, the Appellate Court dismissed Plaintiff's appeal for failure to pay the filing fee, and thus no decision on the merits of her appeal to the Appellate Court was made. (Pederson Decl. ¶39.) (Ex. 12.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, ADMIT**

38. The decisions of the FPC and the circuit court (Ex. 6; Ex. 11) constitute a final judgment on the merits of their relative actions. (Pederson Decl. ¶40.) **OBJECTION, Defendant has improperly submitted an unsworn declaration of its attorney representative not stated under penalty of perjury and not made upon his personal knowledge; Defendant has also improperly sought to introduce documents outside the pleadings on a motion to dismiss; subject to those objections, DENY**

Dated this 13th day of February, 2018.

                                           HEINS EMPLOYMENT LAW PRACTICE LLC
                                           Counsel for the Plaintiff

                                           *s/ Janet L. Heins*
                                           Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com