UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SHANNON LEWANDOWSKI

    Plaintiff,

v.                                Case No: 16-CV-1089

CITY OF MILWAUKEE

    Defendant.

**PLAINTIFF'S CIVIL LOCAL RULE 7(h) MOTION TO FILE AMENDED COMPLAINT**

Plaintiff hereby moves this Court pursuant to CIVIL LOCAL RULE 7(h) and FED. R. CIV. P. 15 to file the attached Amended Complaint based on the discovery of new information.

FEDERAL RULE OF CIVIL PROCEDURE 15(a) provides a liberal standard for amending a complaint. *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015). Specifically, RULE 15(a) states that "[t]he court should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), and evinces a policy that a party "ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans*, 800 F.3d at 357-58 (citing *Foman*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). The granting or denying of a motion for leave to file an amended complaint is a matter entrusted to the sound discretion of the Court. *Foman*, 371 U.S. at 182.

Plaintiff recently learned from employees of the City of Milwaukee's Police Department information that was confirmed last week in local television press reports, and she includes that information in paragraphs 194-199 in the proposed Amended Complaint, to wit:

194. Plaintiff learned in late 2017 and early 2018 that married Captain Sgrignuoli had been having a secret, illicit affair with the married female Executive Director of the Fire and Police Commission (MaryNell Regan) at the time he was investigating Plaintiff following her January 2015 traffic accident.

195. During his affair with Regan, Captain Sgrignuoli was caught requesting to view surveillance footage at Regan's office for "personal reasons not related to any official police business or investigation," violating Department policies Integrity 3.00; Guiding Principle 3.06 and Competence 1.00; and Guiding Principle 1.03."

196. At the time he was caught improperly viewing the surveillance video, Captain Sgrignuoli had eight (8) "sustained offenses for other violations." An official record noted that "This is the member's first offense of using their official position to unnecessarily interfere in the personal business of another," for which he received a 3-day suspension without pay, and "This is the member's second offense of failing to use time to accomplish the mission of the department," for which he had previously received a 2-day suspension without pay.

197. In February 2018, Chief Flynn publicly accused Regan, as Executive Director of the Fire & Police Commission, of asking him to interfere with the investigation into Captain Sgrignuoli's misconduct in public office (improperly viewing the surveillance video of Regan's office) and asking Flynn to reduce or eliminate Captain Sgrignuoli's punishment for that offense.

198. Captain Sgrignuoli's discipline for his proven misconduct was substantially less than Plaintiff's discipline for the same alleged misconduct he falsely accused Plaintiff of, including "failing to use time to accomplish the mission of the department," especially when prior discipline records are considered.

199. While Regan was working to reduce Captain Sgrignuoli's discipline, she was working to prosecute and sustain Captain Sgrignuoli's false allegations of misconduct against Plaintiff, which led to Plaintiff's termination and confirmation of Plaintiff's termination by the Fire & Police Commission that Regan headed.

This newly discovered information establishes additional allegations of sex discrimination and violations of equal protection in Plaintiff's case against the City of Milwaukee, and it also shows that the violations are deeply embedded into the culture of the Department all the way to the top. The information is directly relevant to the case and is not brought in bad faith. Plaintiff did not engage in undue delay in bringing this matter to the Court in the form of her proposed Amended Complaint. There can be no prejudice to Defendant by allowing the amendment, as the case is currently in briefing on an unrelated motion by Defendant after a lengthy stay. The amendment is not futile, as Plaintiff has already filed her brief with this Court establishing that Defendant's Motion to Dismiss should be denied. Under *Life Plans*, 800 F.3d at 357-58 (citing *Foman*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)), therefore, this Court should grant Plaintiff's motion to file the Amended Complaint.

Dated this 19th day of February, 2018.

>HEINS EMPLOYMENT LAW PRACTICE LLC
>Counsel for the Plaintiff
>
>*s/ Janet L. Heins*             .
>Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com