UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANNON LEWANDOWSKI,

    Plaintiff,

v.                                   Case No. 16C1089

CITY OF MILWAUKEE,

    Defendant.

DEFENDANT'S RESPONSE TO PLAINTIFF'S CIVIL LOCAL RULE 7(h) TO FILE AND AMENDED COMPLAINT

    Plaintiff moves this Court by expedited motion for leave to file an amended complaint. (ECF No. 42.) It is apparent to defendant that plaintiff's true intent is to frustrate defendant's pending dispositive motion for summary judgment with the timing of the response for this motion occurring almost simultaneously with the due date of the defendant's reply in its motion. Defendants request that the Court to deny this motion for its legal insufficiency.

    Plaintiff asserts that rule and case law establish that this Court should liberally grant such motions unless there is a reason not to, such as futility, undue delay, undue prejudice, or bad faith. (ECF No. 42, 1.) While this standard is accurate enough, the trouble plaintiff is that there is futility, undue prejudice, and bad faith to defendant in plaintiff's motion to amend.

    The motion is futile because it raises no new claim or does anything to substantially alter the claims already asserted in her initial complaint. The motion may cause undue prejudice and is brought in bad faith because it is brought in the midst of a pending dispositive motion for summary judgment and is merely intended to frustrate the decision-making of that motion and to deny

defendant its right to dismissal of the matter. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995).

To state a cognizable claim, a plaintiff need not provide "detailed factual allegations" but must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, the conclusory allegations of plaintiff's proposed amendment abound. *See Stanard v. Nygren*, 658 F.3d 792, 799 (7th Cir. 2011). She states that she learned that Capt. Sgrignuoli and Director Regan were having an affair at the time Sgrignuoli was investigating plaintiff following her January 2015 traffic accident; however, she does not state how she learned it or how she knows it, and perhaps most importantly, nowhere previously in the complaint does she allege that Sgrignuoli was investigating her. Sgrignuoli could not have investigated her because he was not part of the Internal Affairs Division at the time, which the plaintiff herself acknowledges where she indicates earlier in the complaint that Sgrignuoli had referred the matter for investigation (to internal affairs) (ECF No. 42-1 ¶102), although she mischaracterizes as an order to investigate.

Plaintiff alleges that Sgrignuoli is an example of disparate treatment because he received a suspension for violating the same provision of the code of conduct that she had been terminated for violating. (ECF No. 42, 2.) Plaintiff makes no effort to show that they were otherwise similarly situated.

Plaintiff places quotation marks around substantial parts of her new allegations, but does not attribute those quotes to anyone or anything. Unattributed, cherry-picked quotations are inherently unreliable and a clear example of conclusory statements.

Finally, plaintiff alleges that "Regan was working to reduce Captain Sgrignuoli's discipline, she was working to prosecute and sustain Captain Sgrignuoli's false allegations of misconduct

2

against Plaintiff, which led to Plaintiff's termination and confirmation of Plaintiff's termination by the Fire & Police Commission that Regan headed" (ECF No. 42, 2); an entirely conclusory statement that is in direct conflict with facts that this Court may notice judicially. Plaintiff does not allege how she "worked," or why, or what she did.

Subject to judicial notice: As executive director, Regan does not prosecute discipline appeals; that is done by the chief of police, the Internal Affairs Division, and the assigned attorney from the City Attorney's Office. Neither does Regan sustain discipline; that is done by the commissioners who are assigned to the appeal, which the executive director does not attend or have any input on whatsoever.

This motion should not impact the Court's decision in the pending motion for summary judgment in any manner. If the motion for summary judgment is granted, this motion should be denied for the reasons above or dismissed as moot. *See Sanders*, 56 F.3d at 774 ("Because we affirm on other grounds, we do not meet the question of whether a motion to amend is moot following summary judgment."). If the summary judgment motion is not granted, this motion should be denied for the reasons above.

Dated and signed at Milwaukee, Wisconsin 26 day of February, 2018.

>GRANT F. LANGLEY
>City Attorney
>
>s/ ROBIN A. PEDERSON
>Assistant City Attorney
>State Bar No. 01045759
>Attorneys for Defendant
>Milwaukee City Attorney's Office
>800 City Hall
>200 East Wells Street
>Milwaukee, WI 53202
>Telephone: (414) 286-2601
>Fax: (414) 286-8550
>Email: rpederson@milwaukee.gov