UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANNON LEWANDOWSKI,

    Plaintiff,

v.                                                                       Case No. 16C1089

CITY OF MILWAUKEE,

    Defendant.

DEFENDANT'S REPLY REGARDING DEFENDANT'S MOTION TO DISMISS ON THE BASIS OF CLAIM AND ISSUE PRECLUSION

    Defendant City of Milwaukee brought a motion to dismiss with prejudice the instant matter upon the principles of judicial economy, issue preclusion, and claim preclusion. (ECF No. 36.) Plaintiff responded (ECF No. 40), to which defendant here replies.

    Plaintiff presents numerous legal arguments against defendant's motion, including among others, validity of defense counsel's declaration, the scope of authority of the Fire and Police Commission, and whether Wis. Stat. § 62.13 applied in the state proceedings, which defendant does not believe to be factually or legally accurate, but does not respond to here because it withdraws its motion on other grounds.

    Plaintiff cites to *Batiste v. Furnco Constr. Corp.*, 503 F.2d 447, 450 (7th Cir. 1974) in refuting the holding and citation to *First Weber* in support of its motion on the grounds that *First Weber* was a decision of a bankruptcy court and thus inapplicable to plaintiff's claims under Title VII and the constitution (ECF No. 40, 2-3); however, *First Weber* was cited by defendant for the proposition that it is Wisconsin law that controls, and what Wisconsin law requires to establish issue preclusion, propositions that are true and applicable in the instant matter

regardless of the fact that *First Weber* was a bankruptcy matter.

*Batiste*, as it turns out however, is a significant case for reasons other than those cited to by plaintiff, or at least not fully formed by her in argument; a case with which defendant's counsel did not encounter in prior research. *Batiste* holds that, based upon policy considerations underlying the purpose of Title VII, the usual rule and effect of the full faith and credit clause, referencing the enabling statute 28 U.S.C. § 1738, does not apply to claims under Title VII; specifically, such claims are not subject to claim or issue preclusion based upon a final adjudication in a state administrative proceeding. *Id*. at 450–51. Typically, this holding would apply in relation to the State of Wisconsin to decisions of the Department of Workforce Development Equal Rights Division – the agency charged with holding hearings in rendering decision in relation to complaints of discrimination in violation of the state's fair employment laws. Here, as indicated in defendant's prior brief, that agency's authority is superseded by the City's Fire and Police Commission in limited circumstances that applied to the plaintiff; however, that commission and its authority is created under state law, and defendant is sufficiently convinced in its review of *Batiste* that application of its holding here is appropriate, and thus withdraws its motion to dismiss.

Defendant believes it could, however, maintain its motion as to plaintiff's claims under § 1983. Where the Seventh Circuit in Batiste rejected application of res judicata under § 1738 as applied to claims under Title VII, it fully accepted application of res judicata under § 1738 as applied to claims under § 1983, where it stated that "[a] federal court in a § 1983 action is bound by the full faith and credit statute, [§ 1738], to give a prior state court judgment the same preclusive effect as would the courts of the state in which the judgment was rendered." Krison v. Nehls, 767 F.2d 344, 347–48 (7th Cir. 1985). Defendant believes that it likely could meet that
2

burden here, but for the sake of economy of the court and parties, defendant will raise what it believes to be a more straightforward and viable motion to dismiss plaintiff's § 1983 claims in a forthcoming motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

Dated and signed at Milwaukee, Wisconsin 28 day of February, 2018.

> GRANT F. LANGLEY
> City Attorney
>
> s/ ROBIN A. PEDERSON
> Assistant City Attorney
> State Bar No. 01045759
> Attorneys for Defendant
> Milwaukee City Attorney's Office
> 800 City Hall
> 200 East Wells Street
> Milwaukee, WI 53202
> Telephone: (414) 286-2601
> Fax: (414) 286-8550
> Email: rpederson@milwaukee.gov

1032-2016-1768:247402