UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SHANNON LEWANDOWSKI

   Plaintiff,

  v.            Case No: 16-CV-1089

CITY OF MILWAUKEE

   Defendant.

**PLAINTIFF'S REPLY ON MOTION TO FILE AMENDED COMPLAINT**

  Plaintiff moved this Court pursuant to CIVIL LOCAL RULE 7(h) and FED. R. CIV. P. 15 to file an Amended Complaint based on the discovery of new information.

  Defendant does not challenge the legal authority under which Plaintiff seeks to amend her Complaint with newly discovered information, but instead claims that such information is futile, causes undue prejudice to Defendant, and was made in bad faith. In addition, Defendant continually references the "dispositive motion for summary judgment" it filed in this case, which does not exist. Defendant filed a motion to dismiss the case on the basis of issue and claim preclusion, a far different legal standard, and if it intended the motion to be for summary judgment, Defendant failed to follow or even cite FED. R. CIV. P. 56 and the related local rules.

  First, Plaintiff's motion to file the Amended complaint is not futile, because Defendant's motion to dismiss must be denied as argued separately. Furthermore, if the Court does decide to grant the Defendant's motion to dismiss, this motion will by necessity be rendered moot. The information Plaintiff seeks to add to her lawsuit is relevant and central to her claims. It provides

additional comparator information to establish that Plaintiff was treated far less favorably by Defendant than her male counterparts, who engaged in far more serious misconduct but were not terminated, despite having a lengthier disciplinary record.  The new information establishes both corruption and conflicts of interest in the department relating to the administration of its rules and policies relating to officers such as Plaintiff Lewandowski.

Second, this additional information to be added to the Complaint does not prejudice the Defendant any more than the actual Complaint prejudices the Defendant by establishing that it violated federal and constitutional standards for treatment of its employees.

Third, Plaintiff's motion is not brought in bad faith or for an improper purpose.  Plaintiff clearly understands that this Court will address her motion to file the Amended Complaint separately and independently from Defendant's unsupported motion to dismiss.

Thus, under *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015), this Court should grant the Plaintiff's motion to file her Amended Complaint under FED. R. CIV. P. 15(a)(2). *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Dated this 28th day of February, 2018.

                                        HEINS EMPLOYMENT LAW PRACTICE LLC
                                        Counsel for the Plaintiff

                                        *s/ Janet L. Heins*
                                        Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, WI  53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com