SHANNON LEWANDOWSKI,

          Plaintiff,

    v.                               Case No. 16C1089

CITY OF MILWAUKEE,

          Defendant.

## ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF THE DEFENDANT TO PLAINTIFF'S AMENDED COMPLAINT

**NOW COMES** the defendant, City of Milwaukee, by its attorney, Grant F. Langley, City Attorney, represented by Robin Pederson, Assistant City Attorney, and as and for its answer to the Amended Complaint (ECF No. 47), admits, denies, alleges and states to the Court as follows:

1. As and for an answer to Paragraph 1 of the Amended Complaint, admit that Plaintiff so claims, deny that there is any merit to the claims.

2. As and for an answer to Paragraph 2 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation regarding legal conclusions concerning the Court's jurisdiction.

3. As and for an answer to Paragraph 3 of the Amended Complaint, deny the defendant has unlawful employment practices; admit that venue in the Eastern district of Wisconsin is proper; deny any remaining allegations.

4. As and for an answer to Paragraph 4 of the Amended Complaint, admit upon information and belief.

5. As and for an answer to Paragraph 5 of the Amended Complaint, admit that defendant is a Wisconsin municipal Corporation and its principal address; Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation regarding legal conclusions concerning whether the defendant was acting "under color of law."

6. As and for an answer to Paragraph 6 of the Amended Complaint, admit.

7. As and for an answer to Paragraph 7 of the Amended Complaint, admit.

8. As and for an answer to Paragraph 8 of the Amended Complaint, admit.

9. As and for an answer to Paragraph 9 of the Amended Complaint, deny.

10. As and for an answer to Paragraph 10 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

11. As and for an answer to Paragraph 11 of the Amended Complaint, deny.

12. As and for an answer to Paragraph 12 of the Amended Complaint, admit the quoted language as accurate; deny any remaining allegations.

13. As and for an answer to Paragraph 13 of the Amended Complaint, admit the quoted language as accurate; deny any remaining allegations.

14. As and for an answer to Paragraph 14 of the Amended Complaint, deny that "Early Intervention Training" is part of the Plaintiff's training record; Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of any remaining allegations.

15. As and for an answer to Paragraph 15 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

16. As and for an answer to Paragraph 16 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

2

17. As and for an answer to Paragraph 17 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

18. As and for an answer to Paragraph 18 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

19. As and for an answer to Paragraph 19 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

20. As and for an answer to Paragraph 20 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

21. As and for an answer to Paragraph 21 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

22. As and for an answer to Paragraph 22 of the Amended Complaint, deny.

23. As and for an answer to Paragraph 23 of the Amended Complaint, deny.

24. As and for an answer to Paragraph 24 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

25. As and for an answer to Paragraph 25 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

26. As and for an answer to Paragraph 26 of the Amended Complaint, deny.

27. As and for an answer to Paragraph 27 of the Amended Complaint, deny.

28. As and for an answer to Paragraph 28 of the Amended Complaint, deny.

Case 2:16-cv-01089-WED   Filed 06/06/18   Page 3 of 26   Document 53

29. As and for an answer to Paragraph 29 of the Amended Complaint, admit.

30. As and for an answer to Paragraph 30 of the Amended Complaint, deny.

31. As and for an answer to Paragraph 31 of the Amended Complaint, deny.

32. As and for an answer to Paragraph 32 of the Amended Complaint, deny.

33. As and for an answer to Paragraph 33 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

34. As and for an answer to Paragraph 34 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

35. As and for an answer to Paragraph 35 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

36. As and for an answer to Paragraph 36 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

37. As and for an answer to Paragraph 37 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

38. As and for an answer to Paragraph 38 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

39. As and for an answer to Paragraph 39 of the Amended Complaint, deny.

40. As and for an answer to Paragraph 40 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

41. As and for an answer to Paragraph 41 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

42. As and for an answer to Paragraph 42 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

43. As and for an answer to Paragraph 43 of the Amended Complaint, deny.

44. As and for an answer to Paragraph 44 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

45. As and for an answer to Paragraph 45 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

46. As and for an answer to Paragraph 46 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

47. As and for an answer to Paragraph 47 of the Amended Complaint, that plaintiff sent an email to the list of persons indicated regarding obtaining a warrant; deny all remaining allegations, including that the chief has an "open-door policy."

48. As and for an answer to Paragraph 48 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

49. As and for an answer to Paragraph 49 of the Amended Complaint, admit that Lt. Hanley did verbally reprimand the plaintiff for sending the email shortly after it was sent; deny all remaining allegations.

50. As and for an answer to Paragraph 50 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the plaintiff's knowledge; deny the remaining allegations.

51. As and for an answer to Paragraph 51 of the Amended Complaint, deny that any department member was derelict or neglectful in not obtaining a warrant in the matter referred to here; admit that no department member was disciplined or reprimanded in relation to not obtaining a warrant in the matter referred to here.

5

52. As and for an answer to Paragraph 52 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

53. As and for an answer to Paragraph 53 of the Amended Complaint, deny.

54. As and for an answer to Paragraph 54 of the Amended Complaint, deny.

55. As and for an answer to Paragraph 55 of the Amended Complaint, deny that Lt. Hanley had any knowledge of Beasley's concerns; deny any remaining allegations.

56. As and for an answer to Paragraph 56 of the Amended Complaint, deny.

57. As and for an answer to Paragraph 57 of the Amended Complaint, deny.

58. As and for an answer to Paragraph 58 of the Amended Complaint, deny.

59. As and for an answer to Paragraph 59 of the Amended Complaint, deny.

60. As and for an answer to Paragraph 60 of the Amended Complaint, deny.

61. As and for an answer to Paragraph 61 of the Amended Complaint, deny.

62. As and for an answer to Paragraph 62 of the Amended Complaint, deny that Lt. Lietzke had any knowledge of Beasley's concerns; deny any remaining allegations.

63. As and for an answer to Paragraph 63 of the Amended Complaint, deny that anything was reported to Lt. Hanley or Lt. Lietzke; assert that MPD became aware of a potential conflict between PO Beasley and PO Wilkinson in December 2014 when the wife of PO Wilkinson filed a complaint against PO Beasley for harassment in relation to PO Beasley and the plaintiff contacting PO Wilkinson's wife in relation to the affair between PO Beasley and PO Wilkinson; assert that MPD issued a departmental no contact order to PO Wilkinson regarding PO Beasley in December 2014, and a departmental no contact order to PO Beasley regarding PO Wilkinson and his wife in January 2015; assert that MPD became aware of allegations against PO Wilkinson by PO Beasley in or around February 2015, and immediately opened and conducted

6

an internal investigation regarding the same; deny that defendant retaliated against PO Beasley; deny any remaining allegations.

64. As and for an answer to Paragraph 64 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

65. As and for an answer to Paragraph 65 of the Amended Complaint, deny that any MPD supervisor retaliated against plaintiff for any reason at any time; admit that plaintiff was transferred to a different shift and assignment in December 2014, which included working on ballistic cases with Lt. Armbruster; Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding her preferred shift; deny any remaining allegations.

66. As and for an answer to Paragraph 66 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

67. As and for an answer to Paragraph 67 of the Amended Complaint, deny all allegations.

68. As and for an answer to Paragraph 68 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

69. As and for an answer to Paragraph 69 of the Amended Complaint, admit.

70. As and for an answer to Paragraph 70 of the Amended Complaint, admit.

71. As and for an answer to Paragraph 71 of the Amended Complaint, deny that Lt. Sgrignuoli told the plaintiff to punch out go home and finish the paperwork at a later time; admit that the plaintiff ended her tour of duty that day without submitting the necessary paperwork related to the arrest; deny any remaining allegations.

72. As and for an answer to Paragraph 72 of the Amended Complaint, admit that Lt. Lough issued plaintiff a written correction in relation to her failure to complete necessary paperwork in a timely fashion as required by department policy; deny all remaining allegations.

73. As and for an answer to Paragraph 73 of the Amended Complaint, deny.

74. As and for an answer to Paragraph 74 of the Amended Complaint, deny.

75. As and for an answer to Paragraph 75 of the Amended Complaint, deny.

76. As and for an answer to Paragraph 76 of the Amended Complaint, the allegations are vague, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

77. As and for an answer to Paragraph 77 of the Amended Complaint, the allegations are vague, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

78. As and for an answer to Paragraph 78 of the Amended Complaint, admit.

79. As and for an answer to Paragraph 79 of the Amended Complaint, admit that PO Beasley was issued a departmental no contact order to PO Wilkinson and his wife in relation to the complaint filed by PO Wilkinson's wife; deny any remaining allegations.

80. As and for an answer to Paragraph 80 of the Amended Complaint, deny.

81. As and for an answer to Paragraph 81 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations in relation to a break-in at plaintiff's home; admit that the plaintiff arrested a subject that was eventually charged with prowling around her home; deny any remaining allegations.

82. As and for an answer to Paragraph 82 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

8

83. As and for an answer to Paragraph 83 of the Amended Complaint, deny.

84. As and for an answer to Paragraph 84 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

85. As and for an answer to Paragraph 85 of the Amended Complaint, deny that Lt. Hanley received any such memo; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

86. As and for an answer to Paragraph 86 of the Amended Complaint, admit that a temporary restraining order was issued against PO Wilkinson regarding PO Beasley on January 15, 2015, in Milwaukee County Circuit Court upon PO Beasley's application for a restraining order; Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

87. As and for an answer to Paragraph 87 of the Amended Complaint, assert that Capt. Stigler contacted Internal Affairs when he found out the temporary restraining order existed to ensure that proper follow up was conducted; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

88. As and for an answer to Paragraph 88 of the Amended Complaint, deny.

89. As and for an answer to Paragraph 89 of the Amended Complaint, admit that PO Wilkinson was never placed under arrest, or was required to surrender his service firearm, in relation to any allegations made against him by PO Beasley; assert that defendant conducted the criminal investigation against PO Wilkinson in relation to the allegations made against him by PO Beasley, the results of which were forwarded to the District Attorney's Office, who reviewed

9

the matter and declined to issue charges; assert that defendant is uncertain what plaintiff means when she alleges that the defendant did not order PO Wilkinson into the district attorney's office to discuss the allegations against him, this is not a practice of the defendant, at least not as the allegation is understood here; Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

90. As and for an answer to Paragraph 90 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

91. As and for an answer to Paragraph 91 of the Amended Complaint, admit that on January 19, 2015, while on duty and driving an MPD vehicle with its emergency lights activated, the plaintiff was involved in an auto collision that totaled her vehicle; deny all remaining allegations.

92. As and for an answer to Paragraph 92 of the Amended Complaint, admit that the plaintiff and Det. Carr were injured in the auto collision; Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

93. As and for an answer to Paragraph 93 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

94. As and for an answer to Paragraph 94 of the Amended Complaint, admit that Det. Carr was injured in the auto collision, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

95. As and for an answer to Paragraph 95 of the Amended Complaint, admit that Lt. Hanley was involved in the investigation related to the auto collision in which the plaintiff and

10

Det. Carr in that he was a responding supervisor to the scene, and conducted interviews of the involved department members, as is required by departmental policy in relation to department member involved auto collisions; admit that subsequent and in partial relation to the reports filed by Lt. Hanley in relation to his auto-collision investigation, Internal Affairs opened an internal investigation against the plaintiff; deny all remaining allegations.

96. As and for an answer to Paragraph 96 of the Amended Complaint, admit that Lt. Hanley did not make false statements against Det. Carr; deny that Lt. Hanley did not place Det. Carr "under investigation" insofar as he conducted a supervisor's department member involved auto collision investigation in which she was involved, and interviewed her pursuant to that investigation, as is required by departmental policy.

97. As and for an answer to Paragraph 97 of the Amended Complaint, deny that Lt. Hanley questioned plaintiff while she was suffering from a concussion; deny that Lt. Hanley was investigating the plaintiff for suspected departmental violations related to the accidents; deny any remaining allegations.

98. As and for an answer to Paragraph 98 of the Amended Complaint, admit that defendant put a hold on payments of plaintiff's medical bills contested her workers compensation claim in relation to the auto collision based upon the fact that it had a reasonable basis to suspect that she was not entitled to those payments or claims under the law or policy; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

99. As and for an answer to Paragraph 99 of the Amended Complaint, admit that defendant did not contest the Worker's Compensation claim of Det. Carr; at this early stage of

Case 2:16-cv-01089-WED   Filed 06/06/18   Page 11 of 26   Document 53

litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

100. As and for an answer to Paragraph 100 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

101. As and for an answer to Paragraph 101 of the Amended Complaint, admit that on January 23, 2015, plaintiff appeared off duty at Milwaukee County Children's Court; Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

102. As and for an answer to Paragraph 102 of the Amended Complaint, admit that Capt. Sgrignuoli wrote a memo regarding the plaintiff's conduct at the hearing and recommended an internal investigation be conducted in relation to the same; deny all remaining allegations.

103. As and for an answer to Paragraph 103 of the Amended Complaint, admit that the memo contains language substantially similar to that which is quoted; deny all remaining allegations.

104. As and for an answer to Paragraph 104 of the Amended Complaint, deny, including all subparts.

105. As and for an answer to Paragraph 105 of the Amended Complaint, deny that Capt. Sgrignuoli's memo was false; admit that Sgt. Hines was the lead investigator in the plaintiff's internal investigation and drafted a memo regarding his findings; admit that the memo contains language substantially similar to that which is quoted; deny any remaining allegations.

106. As and for an answer to Paragraph 106 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

12

107. As and for an answer to Paragraph 107 of the Complaint Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

108. As and for an answer to Paragraph 108 of the Amended Complaint, deny.

109. As and for an answer to Paragraph 109 of the Amended Complaint, deny.

110. As and for an answer to Paragraph 110 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

111. As and for an answer to Paragraph 111 of the Amended Complaint, admit.

112. As and for an answer to Paragraph 112 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

113. As and for an answer to Paragraph 113 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

114. As and for an answer to Paragraph 114 of the Amended Complaint, deny.

115. As and for an answer to Paragraph 115 of the Amended Complaint, admit that defendant never took away PO Wilkinson's service firearm, badge, or police powers; deny that defendant did not investigate PO Beasley's reports of stalking and sexual assault against her, assert that both criminal and internal investigations were conducted against him; admit that PO Wilkinson was not disciplined in relation to any allegations made by PO Beasley, assert that there was insufficient evidentiary support for her allegations to do so; admit that the quoted language appears in a position statement filed by the defendant; deny any remaining allegations.

116. As and for an answer to Paragraph 116 of the Amended Complaint, deny.

117. As and for an answer to Paragraph 117 of the Amended Complaint, deny that Capt. Sgrignuoli or the Department made any attempts to "ruin plaintiff's reputation" at any time.

13

a. At this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

b. At this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

c. At this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

d. At this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

118. As and for an answer to Paragraph 118 of the Amended Complaint, deny.

119. As and for an answer to Paragraph 119 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

120. As and for an answer to Paragraph 120 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

121. As and for an answer to Paragraph 121 of the Amended Complaint, deny.

122. As and for an answer to Paragraph 122 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

123. As and for an answer to Paragraph 123 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

124. As and for an answer to Paragraph 124 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

14

125. As and for an answer to Paragraph 125 of the Amended Complaint, deny that Defendant "forced" Plaintiff to testify without pay, it does not issue subpoenas for court appearances; admit that Defendant has a policy that requires its sworn members to honor all subpoenas, if they are able, regardless of duty status; Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of any remaining allegations.

126. As and for an answer to Paragraph 126 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

127. As and for an answer to Paragraph 127 of the Amended Complaint, deny that Capt. Stigler improperly used his rank to protect any department members, regardless of their sex; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

128. As and for an answer to Paragraph 128 of the Amended Complaint, deny that the memo contained any lies or untruthful statements; admit that the quoted language is substantially similar to that which appears in the memo; deny any remaining allegations.

129. As and for an answer to Paragraph 129 of the Amended Complaint, admit that Deputy Inspector Terrence Gordon met with the plaintiff on or about the date indicated; deny all remaining allegations.

130. As and for an answer to Paragraph 130 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

131. As and for an answer to Paragraph 131 of the Amended Complaint, deny that Plaintiff contacted Capt. Sgrignuoli and told him that she felt she was being retaliated against; at

15

this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

132. As and for an answer to Paragraph 132 of the Amended Complaint, deny that Plaintiff asked Capt. Sgrignuoli why she was suspended but PO Wilkinson was not; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

133. As and for an answer to Paragraph 133 of the Amended Complaint, deny.

134. As and for an answer to Paragraph 134 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

135. As and for an answer to Paragraph 135 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

136. As and for an answer to Paragraph 136 of the Amended Complaint, admit.

137. As and for an answer to Paragraph 137 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations that the other driver was a "drunk driver;" deny that the other driver struck the plaintiff; admit the remaining allegations.

138. As and for an answer to Paragraph 138 of the Amended Complaint, admit.

139. As and for an answer to Paragraph 139 of the Amended Complaint, deny that Capt. Sgrignuoli told the plaintiff not to attend court; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

16

140. As and for an answer to Paragraph 140 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

141. As and for an answer to Paragraph 141 of the Amended Complaint, admit.

142. As and for an answer to Paragraph 142 of the Amended Complaint, admit that Lt. Armbruster contacted the plaintiff prior to the expiration of her scheduled medical leave and advised her that if she needed an extension she should see a medical professional and provide documentation in support of a request to extend the leave; deny any remaining allegations.

143. As and for an answer to Paragraph 143 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

144. As and for an answer to Paragraph 144 of the Amended Complaint, admit.

145. As and for an answer to Paragraph 145 of the Amended Complaint, deny.

146. As and for an answer to Paragraph 146 of the Amended Complaint, admit that the involved police vehicle was deemed totaled as a result of the collision and valued the loss at $4525; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

147. As and for an answer to Paragraph 147 of the Amended Complaint, admit that Plaintiff drafted a memo dated June 1, 2015, that contains the content she alleges; deny that Plaintiff was on unpaid medical leave; Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

148. As and for an answer to Paragraph 148 of the Amended Complaint, admit that Plaintiff was transferred from one assignment to another, effective June 7, 2015, as contained in a June 2, 2015 personnel order; deny all remaining allegations.

149. As and for an answer to Paragraph 149 of the Amended Complaint, admit that Capt. Sgrignuoli and Lt. Armbruster delivered the discipline decision of Chief Flynn to the Plaintiff at a meeting on June 3, 3015; deny any remaining allegations.

150. As and for an answer to Paragraph 150 of the Amended Complaint, deny.

151. As and for an answer to Paragraph 151 of the Amended Complaint, admit that Capt. Sgrignuoli was prepared to have the plaintiff return to duty at the meeting, but the plaintiff reported that she did not believe she was capable of taking police action or exercising police powers, so the captain decided not to reinstate her at that time; deny any remaining allegations.

152. As and for an answer to Paragraph 152 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

153. As and for an answer to Paragraph 153 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

154. As and for an answer to Paragraph 154 of the Amended Complaint, deny that Lt. Hanley lied in any memo; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

155. As and for an answer to Paragraph 155 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

156. As and for an answer to Paragraph 156 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

157. As and for an answer to Paragraph 157 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

158. As and for an answer to Paragraph 158 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

159. As and for an answer to Paragraph 159 of the Amended Complaint, admit that the investigation was still pending as of August 2015; deny all remaining allegations.

160. As and for an answer to Paragraph 160 of the Amended Complaint, admit that Plaintiff was never sent to a Fitness for Duty Examination in relation to the investigations referred to in the Complaint; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

161. As and for an answer to Paragraph 161 of the Amended Complaint, deny.

162. As and for an answer to Paragraph 162 of the Amended Complaint, admit that Sgt. Zieger submitted a memo to Deputy Inspector Brunson dated September 9, 2015; admit that some of the phrases that appear in the Complaint also appear in the memo at issue, but many of the quotation marks are not applied in a grammatically correct manner making it difficult to determine what is the quotation and what is not, therefore Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

19

163. As and for an answer to Paragraph 163 of the Amended Complaint, deny that Lt. Wurth's report contained any lies or contradictions; admit the alleged content of the memo; deny any remaining allegations.

164. As and for an answer to Paragraph 164 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

165. As and for an answer to Paragraph 165 of the Amended Complaint, deny.

166. As and for an answer to Paragraph 166 of the Amended Complaint, deny that these were "further" charges, but rather initial charges.

167. As and for an answer to Paragraph 167 of the Amended Complaint, admit the date of the memo and its alleged content; deny any remaining allegations.

168. As and for an answer to Paragraph 168 of the Amended Complaint, admit the date of the memo and its alleged content; deny any remaining allegations.

169. As and for an answer to Paragraph 169 of the Amended Complaint, admit that the plaintiff submitted a responsive memo on October 11, 2015, not October 21; deny any remaining allegations.

170. As and for an answer to Paragraph 170 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

171. As and for an answer to Paragraph 171 of the Amended Complaint, admit.

172. As and for an answer to Paragraph 172 of the Amended Complaint, admit.

173. As and for an answer to Paragraph 173 of the Amended Complaint, admit that Defendant has an MPD policy that generally prohibits recording of MPD members without

20

consent of all parties; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

174. As and for an answer to Paragraph 174 of the Amended Complaint, admit the date of the memo and its alleged content; deny any remaining allegations.

175. As and for an answer to Paragraph 175 of the Amended Complaint, admit the date of the memo and its alleged content; deny any remaining allegations.

176. As and for an answer to Paragraph 176 of the Amended Complaint, at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

   a. At this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

   b. At this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

   c. At this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

   d. At this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

   e. At this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

177. As and for an answer to Paragraph 177 of the Amended Complaint, admit the date and alleged content of the memo; deny any remaining allegations

178. As and for an answer to Paragraph 178 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

21

179. As and for an answer to Paragraph 179 of the Amended Complaint, admit.

180. As and for an answer to Paragraph 180 of the Amended Complaint, admit.

181. As and for an answer to Paragraph 181 of the Amended Complaint, deny.

182. As and for an answer to Paragraph 182 of the Amended Complaint, deny.

183. As and for an answer to Paragraph 183 of the Amended Complaint, deny.

184. As and for an answer to Paragraph 184 of the Amended Complaint, deny.

185. As and for an answer to Paragraph 185 of the Amended Complaint, deny.

186. As and for an answer to Paragraph 186 of the Amended Complaint, deny that all of Defendant's internal investigations that targeted Plaintiff concerned unfounded and unproven allegations; at this early stage of litigation, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

187. As and for an answer to Paragraph 187 of the Amended Complaint, deny.

188. As and for an answer to Paragraph 188 of the Amended Complaint, admit.

189. As and for an answer to Paragraph 189 of the Amended Complaint, admit.

190. As and for an answer to Paragraph 190 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation regarding legal conclusions concerning exhausting her administrative remedies and satisfying all conditions precedent to bringing the instant action.

191. As and for an answer to Paragraph 191 of the Amended Complaint, deny.

192. As and for an answer to Paragraph 192 of the Amended Complaint, deny that "Lt. Dennis Trzcinksi was fired from Defendant for submitting fraudulent time cards showing over time he had not worked and thus stealing overtime pay;" admit that the chief of police discharged the lieutenant for falsely swearing to the accuracy of his timecards, which charge the Milwaukee

Fire and Police Commission did not sustain; admit that the FPC did sustain other charges and demoted the lieutenant to sergeant in addition to ordering a period of suspension; deny any remaining allegations.

193. As and for an answer to Paragraph 193 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

194. As and for an answer to Paragraph 194 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

195. As and for an answer to Paragraph 195 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

196. As and for an answer to Paragraph 196 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

197. As and for an answer to Paragraph 197 of the Amended Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

198. As and for an answer to Paragraph 198 of the Amended Complaint, deny.

199. As and for an answer to Paragraph 199 of the Amended Complaint, deny.

200. As and for an answer to Paragraph 200 of the Amended Complaint, admit that the defendant knew that the plaintiff was entitled to the protection of all laws that were applicable to her and the defendant; deny any remaining allegations.

201. As and for an answer to Paragraph 201 of the Amended Complaint, admit that defendant has a duty to comply with all federal and state antidiscrimination laws; deny all remaining allegations.

202. As and for an answer to Paragraph 202 of the Amended Complaint, admit that defendant has a duty to comply with all federal and state antidiscrimination laws, as well as its own policies; deny all remaining allegations.

203. As and for an answer to Paragraph 203 of the Amended Complaint, deny that defendant had any discriminatory customs, policies, or practices; deny all remaining allegations.

204. As and for an answer to Paragraph 204 of the Amended Complaint, defendant incorporates by reference and realleges its answers to paragraphs 1 through 203.

205. As and for an answer to Paragraph 205 of the Amended Complaint, deny.

206. As and for an answer to Paragraph 206 of the Amended Complaint, deny.

207. As and for an answer to Paragraph 207 of the Amended Complaint, defendant incorporates by reference and realleges its answers to paragraphs 1 through 206.

208. As and for an answer to Paragraph 208 of the Amended Complaint, deny.

209. As and for an answer to Paragraph 209 of the Amended Complaint, deny.

210. As and for an answer to Paragraph 210 of the Amended Complaint, defendant incorporates by reference and realleges its answers to paragraphs 1 through 209.

211. As and for an answer to Paragraph 211 of the Amended Complaint, deny.

212. As and for an answer to Paragraph 212 of the Amended Complaint, deny.

Answering the "WHEREFORE" clause following Paragraph 212, deny that Plaintiff is entitled to any recovery or relief whatsoever from Defendant and demand strict proof of the damages alleged and demands made therein.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the Amended Complaint, the defendant alleges and states to the Court as follows:

24

1.      Plaintiff may have pleaded to allegations and claims outside the purview of her Right to Sue letter and underlying EEOC charge of discrimination.

2.      Plaintiff's claims may be barred by statutes of limitation.

3.      Plaintiff's Amended Complaint may fail to state a claim upon which relief may be granted.

4.      Plaintiff may have failed to mitigate her alleged damages.

5.      Plaintiff may not recover punitive damages from this answering Defendant or for the claims alleged.

6.      All of the acts of the Defendant were in good faith and not motivated by malice or the intent to harm.

7.      Plaintiff's injuries or damages, if any, were not caused by a governmental or unconstitutional policy, practice, or custom of the answering Defendant.

8.      Any and all employment actions alleged to have been taken with respect to the Plaintiff were done based upon non-discriminatory, legitimate, and lawful business reasons.

9.      Plaintiff was not subjected to discrimination or retaliation upon sex, or upon any other basis.

10.     Plaintiff was discharged due to substantiated charges of violating the Defendant's Code of Conduct and its Guiding Principles.

11.     Any damages sustained by the Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than the answering Defendant.

12.     Upon information and belief, the Plaintiff has not filed a notice pursuant to the provisions of Wis. Stat. § 893.80, and any state law claims are therefore barred.

**WHEREFORE**, this answering Defendant prays:

A.    This Court dismiss Plaintiff's Amended Complaint with prejudice and enter judgment in the Defendant's favor.

B.    That Plaintiff recovers nothing from the Defendant.

C.    That this Court award Defendant the costs and other expenses incurred in defending this action.

D.    For other and further relief that this Court deems just and equitable.

## JURY DEMAND

Defendant hereby demands a jury trial of all issues so triable.

Dated and signed at Milwaukee, Wisconsin 4 day of May, 2018.

GRANT F. LANGLEY
City Attorney

s/ ROBIN A. PEDERSON
Assistant City Attorney
State Bar No. 01045759
Attorneys for Defendant
Milwaukee City Attorney's Office
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
Email: rpederson@milwaukee.gov

1032-2016-1768:231848