# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SHANNON LEWANDOWSKI,

      **Plaintiff,**

      **v.**                        **Case No. 16-CV-1089**

CITY OF MILWAUKEE,

      **Defendant.**

---

## STIPULATED CONFIDENTIALITY ORDER
_____

Upon the stipulation of the parties,

**IT IS HEREBY ORDERED** that the parties shall abide by a confidentiality order as follows:

1.      "Document" as used herein shall have all the meaning set forth in Fed. R. Civ. P. 34.

2.      Any party may designate any or all documents produced or to be produced in connection with this litigation, either in whole or in part, as "confidential" either by means of a stamp or other such marking on the document (or portion thereof) itself or by identification of a group of documents upon production with the word "CONFIDENTIAL."

3.    Non-Disclosure of Confidential Documents. Documents (or portions thereof) so designated as confidential, and all information contained therein, shall be used only for purposes of this litigation. Except as provided under this Order, no confidential document or information may be disclosed to any person or in any manner other than the persons and manner set forth in this Stipulated Confidentiality Order. Any disclosure of documents or information designated as "CONFIDENTIAL" pursuant to this Order shall be for the limited purpose of preparation for trial in this action.

4.    Inspection Prior to Copy Production. Documents may be produced for purposes of inspection on the condition that they are marked CONFIDENTIAL and will be subject to this Order. During the inspection process, no notation, audio recordings, video recordings or photograph will be made that pertain to any City of Milwaukee employee's personally identifiable information (name, address, date of birth, social security number).

5.    Permissible Disclosures. Notwithstanding Paragraph 3 above, documents and information designated as "CONFIDENTIAL," and information contained therein, and information obtained during the course of deposition discovery wherein examination is made upon confidential documents or information, and information contained in answers to interrogatories based upon such confidential documents or information (hereinafter, collectively referred to as "Confidential Documents and Information"), may be divulged to counsel for the parties in this action who are actively

engaged in the conduct of this litigation; the partners, associates, secretaries, paralegal assistants, and office employees of these attorneys to the extent reasonably necessary to render professional services in the litigation; officials involved in this litigation (including court reporters, and persons operating video recording equipment at depositions); Plaintiff and Defendant only as necessary for litigation purposes. Such documents may also be disclosed at trial/hearing or to:

(a)     any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(b)     any third party engaged in the business of making copies to whom documents are disclosed solely for copying; and

(c)     any expert engaged by either party to assist with this action, any witness on a specific need to know basis to assist counsel in preparation of this case, or any person designated by written consent of the parties as a recipient of such disclosure. The expert or individual to whom such document is disclosed must, as a condition of disclosure, sign a form containing (1) a recital that the signatory has read and understands this Order; (2) a recital that pursuant to administrative order, confidentiality must be maintained, and (3) a statement that the signatory agreed to comply with and be bound by the terms of this Confidentiality Agreement, unless or until modified by written agreement of the parties.

A copy of the signed form called for herein shall be the provided to opposing counsel upon disclosure of the lay or expert witness.

6.     Declassification. The parties will attempt to resolve disputes about the status or use of Confidential Documents and Information on an informal basis when disputes arise. If a party objects to documents and information designated as "CONFIDENTIAL," or the effect of such a designation under this Stipulation, that party may move the Court (after giving ten days prior written notice of such motion to the party or person asserting the confidential treatment), for an Order changing the designated status of such material or otherwise relieving the objecting party from restrictions contained in this Order. The party proponent of the confidentiality designation shall bear the burden of showing good cause to support the designation. During the interim, between the initial designation of the material by the party and the Court's determination of a timely motion, such material shall be treated as Confidential.

7.     Disposition Upon Termination of Action. The provisions of this Order shall not terminate at the conclusion of this action. Upon termination of this action, all documents, materials and other information produced or elicited by any producing entity and covered by this Order, and all copies thereof (except for evidence admitted at trial), shall be returned to the producing entity. All written extracts from such documents including abstracts, summaries, notes, description, lists, synopses, or other writings reflecting or revealing the contents of such documents, materials or information within

the possession, custody or control of counsel (except for evidence admitted at trial), shall be delivered to the producing entity or shall be destroyed, and counsel for each party shall provide counsel for the producing entity and opposing counsel with an affidavit of such destruction promptly upon written request. This paragraph does not apply to materials that would be deemed privileged as attorney's work product.

8.      <u>Reservation of Rights</u>. Nothing in this Confidentiality Order shall be deemed a waiver of any party's right to oppose production or introduction at a trial of any information or document for any reason. All parties reserve the right to seek further protective orders from the Court in connection with any documents and the information contained therein.

9.      <u>Responsibility for Marking Documents</u>. All documents and other materials or information produced or filed with the Court in accordance with this Order shall be marked with an appropriate legend, including the words "CONFIDENTIAL." The party producing, filing, or introducing such documents, materials or information shall be responsible for marking them pursuant to this Order.

10.      <u>Duty Upon Receipt of Subpoena</u>. If any documents, as defined by this Order, are subpoenaed or requested to be produced at any time subsequent to this Order, the attorneys for the parties shall be notified of such production request and subpoena.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 10th day of October, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge