UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SHANNON LEWANDOWSKI

    Plaintiff,

v.                                              Case No: 16-CV-1089

CITY OF MILWAUKEE

    Defendant.

## DECLARATION OF JANET L. HEINS

Pursuant to 28 U.S.C. § 1746, I hereby declare the following to be true under penalty of perjury:

1. I am an attorney licensed to practice in the State of Wisconsin under State Bar No. 1000677. I am a member of Heins Employment Law Practice LLC, counsel for the Plaintiff.

2. In an email to defense counsel Robin Pederson dated November 19, 2018, I stated: "These are the people I need to depose in this case. I'm pretty open through the end of our discovery period, so let me know when these people are available: John Sgrignuoli…."

3. I received responses from defense counsel as to the availability of others on my list of witnesses, but not for Mr. Sgrignuoli, who is a captain with the Milwaukee Police Department and an important fact witness in this case.

4. I issued a Notice of Deposition for Mr. Sgrignuoli dated December 10, 2018 and emailed it to defense counsel that date.

5. In response, defense counsel emailed me on December 11, 2018, stating: "Janet, this is my attempt to confer before filing a motion to quash. Please advise on the subject matters

of the deposition for this witness and how it is relevant to the claims of the plaintiff."

6. I emailed defense counsel that same day on December 11, 2018, replying, "Scrignuoli [sic] was Plaintiff's supervisor and has knowledge of Plaintiff's investigation and termination, and he will also testify to his activities that resulted in discipline far less than Plaintiff's, as a comparator. He also has knowledge of Melanie Beasley's situation and Nancy Acosta's for comparator purposes."

7. I received no response from defense counsel and had to request additional time from this Court for discovery due to my own illness, after which discovery was extended to January 18, 2019 (ECF 66).

8. On January 3, 2019, I emailed an Amended Notice of Deposition to defense counsel for Mr. Sgrignuoli's deposition, along with a copy of the subpoena being served on another witness who was not a member of the Milwaukee Police Department.

9. On January 4, 2019, defense counsel emailed me, "Sgrignuoli has advised that he requires to be served. I will contact him and see what arrangements he would like to make through me, if any."

10. I responded to defense counsel on January 4, 2019 via email, stating, "Ordinarily I would have no problem serving a police officer. But here Scrignuoli [sic] is a party to the lawsuit, as a high-ranking, decision-making official within the City. I don't believe a subpoena is required, therefore, as a notice of deposition to a party has the same force as if it were a subpoena. If you have authority to the contrary, please advise ASAP."

11. Defense counsel responded to me via email on January 4, 2019, with legal authority claiming that Sgrignuoli required a subpoena.

12. Later that afternoon, on January 4, 2019, I prepared a subpoena for Mr.

2

Sgrignuoli's deposition and emailed a copy to defense counsel, indicating that it was being served on him.

13. That same day, defense counsel emailed me again on January 4, 2019, stating: "As I'm sure you know, I am not authorized to accept this on his behalf. As I stated below, I communicated with him to facilitate service. He advised me that he is out of state on Jan. 15 and will not be returning until Jan. 18. I've asked him to provide more dates in advance of that. I will let you know when I hear anything more." A short time later, defense counsel followed up, "Sorry – not returning until Jan. 19." (Discovery ends on January 18, 2019.)

14. Shortly thereafter on January 4, 2019, I emailed defense counsel, "So I do need court intervention to get his deposition? How do you propose we resolve this? I'm taking his deposition and have made two attempts so far."

15. Defense counsel responded via email on January 4, 2019, "All I can tell you is that City does not object to his deposition, he has indicated that he wants to be personally served as the law requires, I am not authorized to accept his subpoena, and that I am doing what I can to facilitate his service and attendance."

16. On January 4, 2019, I responded to defense counsel, "And yet you are telling me he is not available until after discovery closes, in fact the next day."

17. Defense counsel responded on January 4, 2019, "Yes. That is the information I have been provided."

18. I responded to defense counsel via email on January 4, 2019: "Then my choices are to either bring a motion to compel his deposition or to move for more time to take his deposition when he decides to become available."

19. Defense counsel responded via email at the end of the day on January 4, 2019, "I

3

think the term 'decides' is unfair at this point. He says he's out of state that week. I have no reason, nor do you, to believe that is not true. If his deposition is the only thing you really want (other than Regan, which is a different issue), then sure I think moving specifically to compel his deposition is a good idea. I will object of course, as will Sgrignuoli I suspect, who may or may produce his own attorney, and we can get orders up front about when and where, but also what."

20. After giving the issue much thought over the weekend, I emailed defense counsel on January 7, 2019, "Is he [Sgrignuoli] available later this week?"

21. Defense counsel responded later on January 7, 2019, "Capt Sgrignuoli indicates that scheduling it for this week would not be sufficiently reasonable notice and that he will be out of state Jan 13 through 18."

22. I responded to defense counsel on January 7, 2019, "OK, thanks for letting me know. I'll have to file the motion then."

23. On January 9, 2019, I emailed defense counsel, "Can you get some dates of availability for Scrignuoli's [sic] dep? We will still serve him but I want to know how much time to ask the judge for [to extend discovery]. Thanks."

24. Defense counsel responded on January 10, 2019 via email, "It's my understanding that he declines to provide any dates."

25. On January 10, 2019, I sent an updated subpoena for Mr. Sgrignuoli for service upon him prior to the end of discovery in this case, still hoping to avoid a motion to compel discovery.

26. Since January 10, 2019, multiple process servers have continuously been attempting personal service on Mr. Sgrignuoli, to no avail. Although I have received reports from them that Mr. Sgrignuoli is in Milwaukee and has been located several times by the servers,

4

he is evading service of the subpoena in order to avoid a deposition in this case.

27. I have diligently attempted to take this witness' deposition in every possible way and I request this Court's assistance in compelling his very important testimony.

Dated this 14th day of January, 2019.

*s/ Janet L. Heins*
Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com