UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANNON LEWANDOWSKI,

    Plaintiff,

  v.                                     Case No. 16C1089

CITY OF MILWAUKEE,

    Defendant.

DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 7(h) EXPEDITED, NON-DISPOSITIVE FINAL MOTION TO COMPEL DISCOVERY UNDER RULE 37

    Defendant files this response to Plaintiff's expedited motion to compel discovery. Defendant opposes the motion.

    Plaintiff refers to Captain Sgrignuoli as a "defense witness," yet the defense has no intention of calling him as it does not, at least in its case in chief, see in any way how he is relevant to claims at issue. He is not names in Defendant's initial disclosures.

    Plaintiff asserts the witnesses deposition is needed because he "was Plaintiff's supervisor and has knowledge of Plaintiff's investigation and termination, and he also has knowledge of his activities that resulted in discipline far less than Plaintiff's, as a comparator. He also has knowledge of Melanie Beasley's situation and Nancy Acosta's for comparator purposes." (ECF No. 67.) The value of this is questionable given that it is the final decision-maker's knowledge and information that is essential in this case regarding comparators and equity of discipline. Capt. Sgrignuoli was not the decision-maker regarding discipline of Beasley or Acosta, and most certainly not as it pertained to his own discipline. Furthermore the true intent of the deposition

appears dubious and may be intended to embarrass and harass. (*See* Am. Compl. ECF No. 47 ¶¶194-95.)

Defendant will quote its objection to extend discovery filed in December 2018:

> The record speaks for itself, with the formal discovery period commencing March 8, 2018 (ECF No. 49), initially scheduled to conclude on September 10, 2018, but extended twice at the request of and for the benefit of Plaintiff, with assent of Defendant, to October 31 and December 21, 2018, respectively (ECF No. 55; 63), there has been sufficient time provided for discovery for a reasonably diligent Plaintiff. Defendant does not assert that it would be prejudiced by another extension, but rather submits that with no depositions conducted in this matter up to the time of this filing, the time to move forward, by reasonable measure, has come and passed, such that another extension would constitute a reward to Plaintiff not in spite of, but rather because of, her failure to prosecute her case in a reasonably timely manner.

(ECF No. 65.) This remains true today as when it was filed at the last extension request, with the exception of one deposition having been conducted – of former FPC Executive Director MaryNell Regan, whose own deposition was of questionable relevance.

Plaintiff asserts multiple process servers have continuously been attempting personal service on Capt. Sgrignuoli since January 10, 2019. (ECF No. 68 ¶26.) The last prior discovery extension was granted on December 20, 2018, extending the deadline to January 18, 2019; the holidays notwithstanding, it is unclear why Plaintiff waited 21 days to begin attempting service, just eight days before the end of the discovery extension. This is of course aside from the question of why she waited until the third extension to begin the process of securing his attendance to deposition. Furthermore, service via certified mail can suffice. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012); why did she not attempt that? Although we cannot know for certain what Plaintiff has attempted because she only speaks in generalities and does not specifically indicate what attempts were made.

2

She asserts that Capt. Sgrignuoli has been evading service based upon the following: "I have received reports from [the process servers] that Mr. Sgrignuoli is in Milwaukee and has been located several times by the servers, he is evading service of the subpoena in order to avoid a deposition in this case." (ECF No. 68 ¶26.) This is pure self-serving conclusion with no support.

The record makes clear that Defendant's counsel cooperated with Plaintiff's counsel to the fullest reasonable extent to assist in securing Capt. Sgrignuoli's attendance to a deposition, while respecting the captain's right to demand personal service. (ECF No. 68 ¶¶8-15.) Mere notice of deposition is not sufficient where an employee is not an officer, director, or managing agent of the City (or police department for that matter). *See Averkamp v. Swimways Corp.*, No. 13-C-473, 2014 WL 6453915, at *1 (E.D. Wis. Nov. 17, 2014) ; *see also Jackson v. Stevens Transp., Inc.*, No. 3:14-CV-1416-M, 2015 WL 221087 (N.D. Tex. Jan. 15, 2015). As such, he is entitled to personal service if he demands – and he has, which was communicated to Plaintiff's counsel early and clearly.

Plaintiff has not complied with Civil L. R. 7(h)(2) because her supporting declaration exceeds two pages; nor has she filed any supporting documents.

The deposition at issue is not of such value, and the Plaintiff is not so blameless in not having conducted the deposition sooner, that it warrants yet another extension of discovery in this matter. This Court last stated that it would not grant further extensions absent "*extraordinary circumstances*;" Defendant respectfully submits that Plaintiff fails to overcome this burden. (ECF No. 66.) Plaintiff's request for fees and costs only adds insult to injury where she again seeks reward for her own failure to timely prosecute her own case.

3

Dated and signed at Milwaukee, Wisconsin 18 day of January, 2019.

                                                GRANT F. LANGLEY
                                                City Attorney

                                                <u>s/ ROBIN A. PEDERSON</u>
                                                Assistant City Attorney
                                                State Bar No. 01045759
                                                Attorneys for Defendant
                                                Milwaukee City Attorney's Office
                                                800 City Hall
                                                200 East Wells Street
                                                Milwaukee, WI  53202
                                                Telephone: (414) 286-2601
                                                Fax: (414) 286-8550
1032-2016-1768                                  Email: rpederson@milwaukee.gov