UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID NICKEL,

    Plaintiff,

v.                               Case No. 17C0177

CITY OF MILWAUKEE, NANCY OLSON,
RICHARD WATT, and THOMAS BOLTON,

    Defendants.

## DECLARATION OF ROBIN PEDERSON

I, Robin Pederson, hereby declare as follows:

1. I am employed by the City of Milwaukee in the Office of the City Attorney as an assistant city attorney, and I am assigned to the above captioned case to represent the Defendants, and I am the attorney of record.

2. Captain Johnnie Sgrignuoli is not named as a potential witness in Defendant's initial disclosures.

3. Capt. Sgrignuoli's only factual connection to the investigation that led to the Plaintiff's termination was a bureaucratic function of forwarding the investigating Lieutenant's memo of his findings to the Internal Affairs Division for its review and processing.

4. Capt. Sgrignuoli was not a final decision-maker regarding any formal discipline of the Plaintiff, which authority rests in the Chief of Police and the Fire and Police Commission.

5. Capt. Sgrignuoli was not a final decision-maker regarding any formal discipline of Beasley or Acosta, as referenced in the Am. Compl. (ECF No. 47.)

6. The City presented no objection to a deposition of Capt. Sgrignuoli and City's counsel worked with Plaintiff's counsel in order to facilitate service and deposition of Capt. Sgrignuoli, while respecting Capt. Sgrignuoli's asserted wish to be personally served with a subpoena, which was also communicated to counsel.

7. Plaintiff's counsel asserted that a Notice of Deposition should be sufficient and requested authority that a subpoena could be required.

8. City's counsel provided authority (*Averkamp v. Swimways Corp.*, No. 13-C-473, 2014 WL 6453915, at *1 (E.D. Wis. Nov. 17, 2014); *see also Jackson v. Stevens Transp., Inc.*, No. 3:14-CV-1416-M, 2015 WL 221087 (N.D. Tex. Jan. 15, 2015)) indicating that personal service could be required, which Plaintiff's counsel did not dispute.

I declare under penalty of perjury that the foregoing is true and correct.

    Executed on January 18, 2019.

                                                            s/ ROBIN PEDERSON