# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHANNON LEWANDOWSKI**,

**Plaintiff,**

v.  Case No. **16-CV-1089**

**CITY OF MILWAUKEE**,

**Defendant.**

# ORDER

On December 17, 2018, plaintiff filed a motion to extend the discovery deadline "to complete depositions of two defense witnesses." (ECF No. 64.) Defendant City of Milwaukee opposed the motion:

> Defendant does not assert that it would be prejudiced by another extension, but rather submits that with no depositions conducted in this matter up to the time of this filing, the time to move forward, by reasonable measure, has come and passed, such that another extension would constitute a reward to Plaintiff not in spite of, but rather because of, her failure to prosecute her case in a reasonably timely manner.

(ECF No. 65 at 1.) The court granted plaintiff's motion and extended the discovery deadline to January 18, 2019, but warned plaintiff that, absent *extraordinary* circumstances, it would not grant plaintiff any further extensions in this matter. (ECF No. 66.)

Now before the court is plaintiff's Rule 7(h) expedited, non-dispositive motion to compel the deposition of Police Captain John Sgrignuoli (ECF No. 67) filed by plaintiff on January 14, 2019. Plaintiff states that she "has been seeking the deposition of John Sgrignuoli specifically since November 19, 2018," but has been unable to depose him. (ECF No. 67 at 1.) She "seeks an order compelling the attendance of witness John Sgrignuoli at a deposition on a date mutually convenient for the parties sometimes in the next 45 days and allowing for time for reasonable discovery follow-up after his deposition on issues raised in the deposition." (*Id.* at 2.)

In response, defendant argues that "[t]he deposition at issue is not of such value, and the Plaintiff is not so blameless in not having conducted the deposition sooner, that it warrants yet another extension of discovery in this matter." (ECF No. 69 at 3.) However, defendant admits that it will not be prejudiced by another extension. (*Id.* at 2.)

After receiving the defendant's response, plaintiff filed an amended Rule 7(h) expedited, non-dispositive motion "to compel the deposition of a key defense witness in this case, Police Captain John Sgrignuoli." (ECF No. 71 at 1.) It appears that the only difference between plaintiff's original motion and her amended motion is that she now seeks an order compelling Sgrignuoli to attend a deposition on a specific date and time—February 12, 2019 at 10 a.m. (*Id.* at 2.)

The court understands defendant's frustration with plaintiff's lack of diligence in prosecuting this case. The defendant has been more than cooperative in not opposing the

2

plaintiff's requests for additional time to conduct discovery. It eventually ran out of patience. The court cannot identify anything that the defendant has said in opposing the last two requests for still more time with which it disagrees. Having said that, it appears that plaintiff has made efforts to procure the deposition of Sgrignuoli. (*See* ECF No. 68, ¶¶ 4-27.) It also appears that plaintiff has completed one of the two depositions for which she sought an extension of the discovery deadline to January 18, 2019, to complete. (*See* ECF No. 69 at 2.)

Since plaintiff has made efforts in procuring the deposition of Sgrignuoli, and because defendant will not be prejudiced by another extension, the court will grant plaintiff's motion insofar as it seeks an extension of the discovery deadline. However, the court will deny plaintiff's request for an order compelling Sgrignuoli to attend the deposition on a particular date. Sgrignuoli is not a party to this lawsuit. To compel his attendance at a deposition, a subpoena is required. Fed. R. Civ. P. 30(a)(1). Plaintiff opted instead to attempt to get the defendant to agree to produce Sgrignuoli for a deposition. The advantage to Sgrignuoli to such an arrangement is that he has input on picking a date that is convenient to him. Instead, Sgrignuoli took the position that he would not attend a deposition until he was served with a subpoena—which he had the right to insist on. Of course, the downside to taking that position is that he will be stuck with whatever date is chosen by plaintiff as long as she provides him with reasonable notice of the date. Fed. R. Civ. P. 30(b)(1). However, plaintiff has not yet served Sgrignuoli with a subpoena.

Although she contends she has tried and that he is evading service, she has not submitted any evidence to support that allegation. If once he is served with a subpoena Sgrignuoli refuses to comply with it, plaintiff may at that time file an appropriate motion.

The deadline to complete *all* discovery shall be extended to March 8, 2019, and the dispositive motions deadline shall be extended to April 8, 2019. **As previously stated, absent extraordinary circumstances the court will not grant plaintiff any further extensions of time**. **More than further difficulties in scheduling Sgrignouli's deposition will be required to establish extraordinary circumstances.**

**IT IS THEREFORE ORDERED** that plaintiff's motion compel (ECF No. 67) is **granted** to the extent that it seeks an extension of the discovery deadline. Plaintiff's amended motion to compel (ECF No. 71), seeking an order compelling Sgrignuoli to attend a deposition on February 12, 2019 at 10 a.m., is **denied**. The discovery deadline shall be extended to March 8, 2019, and the dispositive motions deadline shall be extended to April 8, 2019.

Dated at Milwaukee, Wisconsin this 22nd day of January, 2019.

_WILLIAM E. DUFFIN_
WILLIAM E. DUFFIN
U.S. Magistrate Judge