UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANNON LEWANDOWSKI,

    Plaintiff,

v.                                                              Case No. 16C1089

CITY OF MILWAUKEE,

    Defendant.

## DEFENDANT'S PROPOSED FINDINGS OF FACT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant City of Milwaukee submits the following proposed findings of fact for the limited purpose in support the City's Motion for Summary Judgment.

1. Shannon Lewandowski ("Lewandowski") was an employee of the City of Milwaukee in the Milwaukee Police Department ("MPD") and most recently held the rank of detective. (Decl. of Robin Pederson, April 22, 2019 ("Pederson Decl.") ¶3.)

2. On January 19, 2015, while on duty and operating a department owned vehicle, Lewandowski was involved in an auto collision with a civilian owned and operated vehicle. (Pederson Decl. ¶4.)

3. Exhibit 1 is a true and correct copy of a memo from Sgt. Adam Zieger dated March 7. (Pederson Decl. ¶5.)

4. On January 29, 2015, the MPD Internal Affairs Division ("IAD") opened an internal investigation targeting Lewandowski regarding an allegation of misconduct in public office as it related to the circumstances surrounding the auto collision. (Pederson Decl. ¶5.) (Ex. 1.)

5. Specifically, regarding ¶4 above, the IAD was investigating whether Lewandowski was operating her department vehicle according to state law and department policy, and whether Lewandowski was responding to official department business. (Pederson Decl. ¶7.)

6. Exhibit 2 is a true and correct copy of a letter from Michael Brunson dated November 20, 2015. (Pederson Decl. ¶9.)

7. On or around November 2015, the IAD expanded its initial investigation to look into an allegation that Lewandowski failed to be forthright and candid in connection with the accident investigation and related internal investigation. (Pederson Decl. ¶8.) (Ex. 2.)

8. Exhibit 3 is a true and correct copy of Personnel Order 2015 – 150. (Pederson Decl. ¶10.)

9. On December 16, 2015, the three charges against Lewandowski were found to be substantiated by the Chief of Police pursuant to the internal investigation. (Pederson Decl. ¶11.) (Ex. 3.)

10. The Chief issued discipline for the charges, including a five day suspension for one charge, a 30 day suspension for another, and discharge for the final charge of failure to be forthright and candid. (Pederson Decl. ¶12.)

11. Exhibit 4 is a true and correct copy of Lewandowski's appeal to the FPC. (Pederson Decl. ¶13.)

12. Lewandowski appealed the Chief's discipline decision to the Milwaukee Fire and Police Commission ("FPC"). (Pederson Decl. ¶14.) (Ex. 4.)

13. The FPC held a hearing regarding Lewandowski's appeal of discipline on August 10 and 11, 2016. (Pederson Decl. ¶15.)

14. Exhibit 5 is a true and correct copy of the transcripts in Lewandowski's appeal to the FPC. (Pederson Decl. ¶16.)

15. At the hearing, Lewandowski presented testimony that the MPD investigations targeting her and the discipline imposed by the Chief were due to sex discrimination and retaliation for having engaged in protected activity. (Pederson Decl. ¶17.) (Ex. 5 at 266-67, 313-14, 318-19.)

16. Furthermore, at the hearing, Lewandowski was provided ample opportunity to present any and all defenses against the complaint filed against her, including any claims of employment discrimination or retaliation in violation of any state or federal law, including the Wisconsin Fair Employment Act or Title VII or other rights, including §1983. (Pederson Decl. ¶18.)

17. On August 11, 2016, the commissioners voted and found unanimously, pursuant to the seven just cause factors in Wis. Stat. §62.50, that Lewandowski had violated all of the charges filed against her, and that discipline imposed by the Chief, including the discharge, should be sustained. (Pederson Decl. ¶19.) (Ex. 5 at 439, 472-73.)

18. Exhibit 6 is a true and correct copy of the decision of the FPC. (Pederson Decl. ¶20.)

19. The decision reflects that there was consideration of all evidence presented by both sides of comparable or similarly situated persons and the results of past disciplinary cases in order to determine if there was justified or disparate treatment of Lewandowski. (Pederson Decl. ¶21.) (*See* Ex 6.)

20. The sixth just cause factor requires the commissioners to determine if the Chief applied the rule or order fairly and without discrimination against Lewandowski. (Pederson Decl. ¶22.) Wis. Stat. § 62.50(17)(b)6.

21. The commissioners determined that the chief satisfied "the sixth standard by a preponderance of the evidence." (Pederson Decl. ¶23.) (Ex. 6 ¶30.)

22. The commissioners specifically found that there was no evidence to support Lewandowski's claim of retaliation. (Pederson Decl. ¶24.) (Ex. 6 ¶24.)

3

23. On August 15, 2016, Lewandowski filed the instant action. (Pederson Decl. ¶25.) (ECF No. 1)

24. Exhibit 7 is a true and correct copy of the complaint filed in the discipline of Lewandowski. (Pederson Decl. ¶26.)

25. In the instant action, the claims and underlying factual record are the same as those contained in the FPC discipline hearing, i.e., there is an identity of claims and issues between them. (Pederson Decl. ¶27.) (*See* Ex. 7.)

26. Lewandowski appealed the decision of the FPC to Milwaukee County Circuit Court, and on January 13, 2017, filed its initial brief. (Pederson Decl. ¶28.)

27. Exhibit 8 is a true and correct copy of Lewandowski's initial brief. (Pederson Decl. ¶29.)

28. In her initial brief, Lewandowski raises the issue of retaliation in a narrow context; however, does not address discrimination directly. (Pederson Decl. ¶30.) (Ex. 8 at 6, 15.)

29. Exhibit 9 is a true and correct copy of the Defendant's brief in response. (Pederson Decl. ¶31.)

30. Defendant's brief contains no substantive discussion of discrimination or retaliation. (Pederson Decl. ¶32.) (*See* Ex. 9.)

31. Exhibit 10 is a true and correct copy of Lewandowski's reply brief. (Pederson Decl. ¶33.)

32. Lewandowski's reply brief contains no substantive discussion of discrimination or retaliation. (Pederson Decl. ¶34.) (*See* Ex. 10.)

33. Exhibit 11 is a true and correct copy of the Decision and Order of the Circuit Court. (Pederson Decl. ¶35.)

34. On June 6, 2017, the Circuit Court affirmed the decision of the FPC. (Pederson Decl. ¶36.) (Ex. 11.)

35. The Circuit Court's Decision and Order contains no substantive discussion of discrimination or retaliation; however, it does note the sixth just cause factor. (Pederson Decl. ¶37.) (See. Ex. 11.)

36. Exhibit 12 is a true and correct copy of the Wisconsin Appellate Court Access minutes to Lewandowski's appeal of the decision and order of the circuit court. (Pederson Decl. ¶38.)

37. On August 7, 2017, the Appellate Court dismissed Lewandowski's appeal for failure to pay the filing fee, and thus no decision on the merits of her appeal to the Appellate Court was made. (Pederson Decl. ¶39.) (Ex. 12.)

38. The decisions of the FPC and the circuit court (Ex. 6; Ex. 11) constitute a final judgment on the merits of their relative actions. (Pederson Decl. ¶40.)

39. Exhibit 13 is a true and correct copy of Lewandowski's answers to defendant City of Milwaukee's First Set of Interrogatories. (Pederson Decl. ¶41.)

40. Exhibit 14 is a true and correct copy of the decision of the FPC in the appeal of Dennis Trzcinski of Personnel Order 2015-136. (Pederson Decl. ¶42.)

41. Exhibit 15 is a true and correct copy of the list of witnesses and documentary discovery provided to Lewandowski in compliance with state law to provide all exculpatory evidence in advance of the appeal hearing conducted before the FPC. (Pederson Decl. ¶43.)

42. Exhibit 16 is a true and correct copy of the scheduling order issued by the FPC in the underlying appeal of discipline by Lewandowski, which provides for prehearing discovery. (Pederson Decl. ¶44.)

43. Exhibit 17 is a true and correct copy of the report and exhibits of an independent investigator hired by the FPC to investigate the discrimination and retaliation complaints of Lewandowski. (Pederson Decl. ¶45.)

44. Exhibit 18 is a true and correct copy of motions, briefs, and decisions of prehearing motions brought by Lewandowski in relation the underlying appeal of discipline. (Pederson Decl. ¶46.)

45. Exhibit 19 is a true and correct copy of emails showing discovery requests of Lewandowski's attorney in the underlying appeal of discipline, and compliance therewith. (Pederson Decl. ¶47.)

46. Exhibit 20 is a true and correct copy of request for subpoenas by Lewandowski in the underlying appeal of discipline, which the FPC was mandated to serve at its expense, Wis. Stat. §62.50(16). (Pederson Decl. ¶48.)

47. Exhibit 21 is a true and correct copy of the City's initial disclosures and documents in the instate matter. (Pederson Decl. ¶49.)

48. Exhibit 22 is a true and correct copy of Lewandowski's initial disclosures in the instant matter. (Pederson Decl. ¶50.)

49. Edward Flynn was employed by the City of Milwaukee in the Milwaukee Police Department as the Chief of Police from 2008 to 2018. (Edward Flynn Decl., April 16, 2019 ("Flynn Decl.") ¶1.)

50. Chief Flynn was the final decision-maker regarding discipline decisions regarding suspension, demotion, and discharge of sworn members of the department. (Flynn Decl. ¶2.)

51. Chief Flynn reviewed the internal investigation against then-Detective Shannon Lewandowski in MPD IAD #2015-0032. (Flynn Decl. ¶3.)

52. Chief Flynn charged Lewandowski with an integrity violation, for failing to be forthright and candid during her PI-21 interview based on the evidence and information available to him through the internal investigation. (Flynn Decl. ¶4.)

53. Chief Flynn decided to discharge Lewandowski for her integrity violation. (Flynn Decl. ¶5.)

54. Chief Flynn documented his discharge decision in Personnel Order 2015-150, issued December 16, 2015. (Flynn Decl. ¶6.)

55. Chief Flynn's decision to discharge Lewandowski for her integrity violation was based upon, although not limited by enumeration, the seriousness and nature of the charge, and the facts and circumstances underlying the charge as established in the internal investigation. (Flynn Decl. ¶7.)

56. Chief Flynn also took into consideration, not limited by enumeration, Lewandowski's record of service, discipline history, and any relevant comparators. (Flynn Decl. ¶8.)

57. As to comparators, Chief Flynn commonly discharged sworn members of the department for integrity charges that implicated a member's honesty, forthrightness, and trustworthiness, in accord with his belief that these traits are integral and essential components to the character of members of the department in whom the public invests its trust. (Flynn Decl. ¶9.)

58. Chief Flynn's decision to discharge Lewandowski was not because of, based on, or influenced in any manner whatsoever upon, her sex. (Flynn Decl. ¶10.)

59. Chief Flynn would have discharged Lewandowski if her sex had been different and everything else had remained the same. (Flynn Decl. ¶11.)

60. Chief Flynn's decision to discharge Lewandowski was not because of, based on, or influenced in any manner whatsoever upon, the fact that she filed various complaints of sexual harassment and discrimination in the workplace, or any other protected activity, prior to his discharge decision. (Flynn Decl. ¶12.)

61. Chief Flynn would have discharged Lewandowski if she had not filed any complaints or engaged in any other protected activity and everything else had remained the same. (Flynn Decl. ¶13.)

62. Chief Flynn does not now, nor has he ever, possessed information, knowledge, or a belief, and he therefore denies, that his discharge decision was influenced by any person who did maintain a discriminatory or retaliatory animus or motive towards Lewandowski. (Flynn Decl. ¶14.)

63. Chief Flynn does not now, nor has he ever, possessed information, knowledge, or a belief, and he therefore denies, that his discharge decision, or any component of the internal investigation or other factor that led to his discharge decision, violated Lewandowski's First or Fourteenth Amendment rights, or any other rights under the U.S. Constitution or other law. (Flynn Decl. ¶15.)

64. Exhibit 23 is a true and correct copy of the personnel order, revised personnel order, and complaint filed in the matter of the appeal of discipline by Police Officer Alexander C. Ayala regarding Personnel Order 2007-212. (Pederson Decl. ¶51.)

65. Lewandowski's production of documents in response to the City's demand for documents, and reference in her response to interrogatories contained in Exhibit 13 contained over 2900 pages comprising 181 documents, and was provided without specification or delineation as to what response each document was in response to. (Pederson Decl. ¶52.)

Dated and signed at Milwaukee, Wisconsin 22 day of April, 2018.

GRANT F. LANGLEY
City Attorney

s/ ROBIN A. PEDERSON
Assistant City Attorney

State Bar No. 01045759
Attorneys for Defendant
Milwaukee City Attorney's Office
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
Email: rpederson@milwaukee.gov