UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANNON LEWANDOWSKI,

    Plaintiff,

v.                                      Case No. 16C1089

CITY OF MILWAUKEE,

    Defendant.

## DECLARATION OF EDWARD FLYNN

I, Edward Flynn, hereby declare as follows:

1. I was employed by the City of Milwaukee in the Milwaukee Police Department as the Chief of Police from 2008 to 2018.

2. As the Chief, I was the final decision-maker regarding discipline decisions regarding suspension, demotion, and discharge of sworn members of the department.

3. I reviewed the internal investigation against then-Detective Shannon Lewandowski in MPD IAD #2015-0032.

4. I charged Lewandowski with an integrity violation, for failing to be forthright and candid during her PI-21 interview based on the evidence and information available to me through the internal investigation.

5. I decided to discharge Lewandowski for her integrity violation.

6. I documented my discharge decision in Personnel Order 2015-150, issued December 16, 2015.

7. My decision to discharge Lewandowski for her integrity violation was based upon, although not limited by enumeration, the seriousness and nature of the charge, and the facts and circumstances underlying the charge as established in the internal investigation.

8. I also took into consideration, not limited by enumeration, Lewandowski's record of service, discipline history, and any relevant comparators.

9. As to comparators, I commonly discharged sworn members of the department for integrity charges that implicated a member's honesty, forthrightness, and trustworthiness, in accord with my belief that these traits are integral and essential components to the character of members of the department in whom the public invests its trust.

10. My decision to discharge Lewandowski was not because of, based on, or influenced in any manner whatsoever upon, her sex.

11. I would have discharged Lewandowski if her sex had been different and everything else had remained the same.

12. My decision to discharge Lewandowski was not because of, based on, or influenced in any manner whatsoever upon, the fact that she filed various complaints of sexual harassment and discrimination in the workplace, or any other protected activity, prior to my discharge decision.

13. I would have discharged Lewandowski if she had not filed any complaints or engaged in any other protected activity and everything else had remained the same.

14. I do not now, nor have I ever, possessed information, knowledge, or a belief, and I therefore deny, that my discharge decision was influenced by any person who did maintain a discriminatory or retaliatory animus or motive towards Lewandowski.

15. I do not now, nor have I ever, possessed information, knowledge, or a belief, and I therefore deny, that my discharge decision, or any component of the internal investigation or

other factor that led to my discharge decision, violated Lewandowski's First or Fourteenth Amendment rights, or any other rights under the U.S. Constitution or other law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2019.

s/ EDWARD FLYNN