UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANNON LEWANDOWSKI,

    Plaintiff,

v.                                                          Case No. 16C1089

CITY OF MILWAUKEE,

    Defendant.

## DECLARATION OF ROBIN PEDERSON

I, Robin Pederson, hereby declare as follows:

1. I am employed by the City of Milwaukee in the Office of the City Attorney as an assistant city attorney.

2. I am assigned to the above captioned case to represent the Defendant, City of Milwaukee, and I am the attorney of record.

3. Shannon Lewandowski ("Lewandowski") was an employee of the City of Milwaukee in the Milwaukee Police Department ("MPD") and most recently held the rank of detective.

4. On January 19, 2015, while on duty and operating a department owned vehicle, Lewandowski was involved in an auto collision with a civilian owned and operated vehicle.

5. Attached hereto as Exhibit 1 is a true and correct copy of a memo from Sgt. Adam Zieger dated March 7.

6. On January 29, 2015, the MPD Internal Affairs Division ("IAD") opened an internal investigation targeting Lewandowski regarding an allegation of misconduct in public office as it related to the circumstances surrounding the auto collision. (Ex. 1.)

7. Specifically, the IAD was investigating whether Lewandowski was operating her department vehicle according to state law and department policy, and whether Lewandowski was responding to official department business. (Ex. 1.)

8. Attached hereto as Exhibit 2 is a true and correct copy of a letter from Michael Brunson dated November 20, 2015.

9. On or around November 2015, the IAD expanded its initial investigation to look into an allegation that Lewandowski failed to be forthright and candid in connection with the accident investigation and related internal investigation. (Ex. 2.)

10. Attached hereto as Exhibit 3 is a true and correct copy of Personnel Order 2015 – 150.

11. On December 16, 2015, the three charges against Lewandowski were found to be substantiated by the Chief of Police pursuant to the internal investigation. (Ex. 3.)

12. The Chief issued discipline for the charges, including a five day suspension for one charge, a 30 day suspension for another, and discharge for the final charge of failure to be forthright and candid. (Ex. 3.)

13. Attached hereto as Exhibit 4 is a true and correct copy of Lewandowski's appeal to the FPC.

14. Lewandowski appealed the Chief's discipline decision to the Milwaukee Fire and Police Commission ("FPC"). (Ex. 4.)

15. The FPC held a hearing regarding Lewandowski's appeal of discipline on August 10 and 11, 2016, at which I represented the Chief of Police.

16. Attached hereto as Exhibit 5 is a true and correct copy of the transcripts in Lewandowski's appeal to the FPC.

17. At the hearing, Lewandowski presented testimony that the MPD investigations targeting her and the discipline imposed by the Chief were due to sex discrimination and retaliation for having engaged in protected activity. (Ex. 5 at 266-67, 313-14, 318-19.)

18. Furthermore, at the hearing, Lewandowski was provided ample opportunity to present any and all defenses against the complaint filed against her, including any claims of employment discrimination or retaliation in violation of any state or federal law, including the Wisconsin Fair Employment Act or Title VII or other rights, including §1983. (*See* Ex. 5.)

19. On August 11, 2016, the commissioners voted and found unanimously, pursuant to the seven just cause factors in Wis. Stat. §62.50, that Lewandowski had violated all of the charges filed against her, and that discipline imposed by the Chief, including the discharge, should be sustained. (Ex. 5 at 439, 472-73.)

20. Attached hereto as Exhibit 6 is a true and correct copy of the decision of the FPC in the appeal of Lewandowski.

21. The decision reflects that there was consideration of all evidence presented by both sides of comparable or similarly situated persons and the results of past disciplinary cases in order to determine if there was justified or disparate treatment of Lewandowski. (*See* Ex 6.)

22. The sixth just cause factor requires the commissioners to determine if the Chief applied the rule or order fairly and without discrimination against Lewandowski. Wis. Stat. § 62.50(17)(b)6. (Ex. 6 ¶30.)

23. The commissioners determined that the chief satisfied "the sixth standard by a preponderance of the evidence." (Ex. 6 ¶30.)

24. The commissioners specifically found that there was no evidence to support Lewandowski's claim of retaliation. (Ex. 6 ¶24.)

3

25. On August 15, 2016, Lewandowski filed the instant action. (ECF No. 1)

26. Attached hereto as Exhibit 7 is a true and correct copy of the complaint filed in the discipline of Lewandowski.

27. In the instant action, the claims and underlying factual record are the same as those contained in the FPC discipline hearing, i.e., there is an identity of claims and issues between them. (*See* Ex. 7; ECF No. 1.)

28. Lewandowski appealed the decision of the FPC to Milwaukee County Circuit Court, and on January 13, 2017, filed its initial brief. (Ex. 8.)

29. Attached hereto as Exhibit 8 is a true and correct copy of Lewandowski's initial brief.

30. In her initial brief, Lewandowski raises the issue of retaliation in a narrow context; however, does not address discrimination directly. (Ex. 8 at 6, 15.)

31. Attached hereto as Exhibit 9 is a true and correct copy of the Defendant's brief in response.

32. Defendant's brief contains no substantive discussion of discrimination or retaliation. (*See* Ex. 9.)

33. Attached hereto as Exhibit 10 is a true and correct copy of Lewandowski's reply brief.

34. Lewandowski's reply brief contains no substantive discussion of discrimination or retaliation. (*See* Ex. 10.)

35. Attached hereto as Exhibit 11 is a true and correct copy of the Decision and Order of the Circuit Court.

36. On June 6, 2017, the Circuit Court affirmed the decision of the FPC. (Ex. 11.)

37. The Circuit Court's Decision and Order contains no substantive discussion of discrimination or retaliation; however, it does note the sixth just cause factor. (See Ex. 11.)

38. Attached hereto as Exhibit 12 is a true and correct copy of the Wisconsin Appellate Court Access minutes to Lewandowski's appeal of the decision and order of the circuit court.

39. On August 7, 2017, the Appellate Court dismissed Lewandowski's appeal for failure to pay the filing fee, and thus no decision on the merits of her appeal to the Appellate Court was made. (Ex. 12.)

40. The decisions of the FPC and the circuit court constitute a final judgment on the merits of their relative actions. (Ex. 6; Ex. 11.)

41. Attached hereto as Exhibit 13 is a true and correct copy of Lewandowski's answers to defendant City of Milwaukee's First Set of Interrogatories.

42. Attached hereto as Exhibit 14 is a true and correct copy of the decision of the FPC in the appeal of Dennis Trzcinski of Personnel Order 2015-136.

43. Attached hereto as Exhibit 15 is a true and correct copy of the list of witnesses and documentary discovery provided to Lewandowski in compliance with state law to provide all exculpatory evidence in advance of the appeal hearing conducted before the FPC.

44. Attached hereto as Exhibit 16 is a true and correct copy of the scheduling order issued by the FPC in the underlying appeal of discipline by Lewandowski, which provides for prehearing discovery.

45. Attached hereto as Exhibit 17 is a true and correct copy of the report and exhibits of an independent investigator hired by the FPC to investigate the discrimination and retaliation complaints of Lewandowski.

46. Attached hereto as Exhibit 18 is a true and correct copy of motions, briefs, and decisions of prehearing motions brought by Lewandowski in relation the underlying appeal of discipline.

47. Attached hereto as Exhibit 19 is a true and correct copy of emails showing discovery requests of Lewandowski's attorney in the underlying appeal of discipline, and compliance therewith.

48. Attached hereto as Exhibit 20 is a true and correct copy of request for subpoenas by Lewandowski in the underlying appeal of discipline, which the FPC was mandated to serve at its expense, Wis. Stat. §62.50(16).

49. Attached hereto as Exhibit 21 is a true and correct copy of the City's initial disclosures and documents in the instate matter.

50. Attached hereto as Exhibit 22 is a true and correct copy of Lewandowski's initial disclosures in the instant matter.

51. Attached hereto as Exhibit 23 is a true and correct copy of the personnel order, revised personnel order, and complaint filed in the matter of the appeal of discipline by Police Officer Alexander C. Ayala regarding Personnel Order 2007-212.

52. Lewandowski's production of documents in response to the City's demand for documents, and reference in her response to interrogatories contained in Exhibit 13 contained over 2900 pages comprising 181 documents, and was provided without specification or delineation as to what response each document was in response to.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2019.

s/ ROBIN PEDERSON