BOARD OF FIRE AND POLICE COMMISSIONERS

OF THE CITY OF MILWAUKEE

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

In the matter of the appeal of

SHANNON LEWANDOWSKI                                            COMPLAINT

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

TO THE HONORABLE, THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF MILWAUKEE:

Now comes EDWARD A. FLYNN, Chief of the Police Department of the City of Milwaukee, and makes the following charges against DETECTIVE SHANNON LEWANDOWSKI, who, on December 16, 2015, was ordered to be suspended for a total of thirty-five (35) days without pay and discharged from the department.

**CORE VALUE 1.00 – COMPETENCE:** We are prudent stewards of the public's grant of authority and resources. We are accountable for the quality of our performance and the standards of our conduct. We are exemplary leaders and exemplary followers.

**REFERENCING: GUIDING PRINCIPLE 1.03:** All department members shall render service to the community promptly and efficiently. When not answering a call for service, members shall use their time to accomplish the mission of the department.

**SPECIFICATION:** On January 19, 2015, at 2:17 a.m., Detective Shannon LEWANDOWSKI, while on-duty, was involved in a squad accident that occurred at North 35th Street and West North Avenue. Detective LEWANDOWSKI was operating a department vehicle eastbound on West North Avenue with the emergency lights activated. The department vehicle crashed into a vehicle that had attempted to travel northbound through the intersection with a red or yellow traffic light on North 35th Street.

Prior to the squad accident, the passenger in the department vehicle, also a detective, had been assigned and intended to recover a firearm used in a shooting incident. Detective LEWANDOWSKI volunteered to assist the other detective, both of whom were in the same vehicle for that assignment. Instead of responding to the location to attempt the firearm recovery, Detective LEWANDOWSKI was responding to a location for reasons not related to aid in the recovery of the firearm.

During a PI-21 interview, Detective LEWANDOWSKI stated she had previously activated the emergency lights and siren to prevent a vehicle from pulling out and striking her vehicle. Detective LEWANDOWSKI stated she turned off the siren, but thought she left the emergency lights on. Detective LEWANDOWSKI indicated there was no other reason for the emergency lights to be activated. Detective LEWANDOWSKI admitted she was not responding to recover the firearm at the time of the accident, but going to District Five to help an officer with a personal issue. Detective LEWANDOWSKI indicated she had been at District Five for the same issue earlier.

Detective LEWANDOWSKI indicated that there was no urgency to complete the follow-up and that she intended to meet the other officer instead of conducting the follow-up first because "she had called me and asked me to." Detective LEWANDOWSKI described that her response to District Five took precedence over the gun retrieval because that was where she was "going to go in the first place." Detective LEWANDOWSKI added that the firearm retrieval was not her assignment.

Detective Shannon LEWANDOWSKI failed to render service to the community promptly and efficiently. Detective LEWANDOWSKI failed to use her time to accomplish the mission of the department.

**CORE VALUE 1.00 – COMPETENCE:** We are prudent stewards of the public's grant of authority and resources. We are accountable for the quality of our performance and the standards of our conduct. We are exemplary leaders and exemplary followers.

**REFERENCING: GUIDING PRINCIPLE 1.05:** All department members shall be familiar with department policy, procedures and training and shall conduct themselves accordingly.

**REFERENCING STANDARD OPERATING PROCEDURES RELATING TO:**
**DEPARTMENT OWNED VEHICLES - - SECTION 640.15(A)(2):**
**640.15    VEHICLE OPERATIONS - GENERAL**

## A. OPERATING REQUIREMENTS

> 2. Operators of Department vehicles shall, in all instances, operate the vehicle in a safe and courteous manner, comply with all traffic laws and ordinances, and wear seat belts at all times, except when doing so would endanger the safety of the operator or another, or when he/she has provided medical certification that he/she is unable to do so.

**SPECIFICATION:** On January 19, 2015, at 2:17 a.m., Detective Shannon LEWANDOWSKI, while on-duty, was involved in a squad accident that occurred at North 35th Street and West North Avenue. Detective LEWANDOWSKI was operating a department vehicle eastbound on West North Avenue with the emergency lights activated. The department vehicle crashed into a vehicle that had attempted to travel northbound through the intersection with a red or yellow traffic light on North 35th Street.

Prior to the squad accident, the passenger in the department vehicle, also a detective, had been assigned and intended to recover a firearm used in a shooting incident. Detective LEWANDOWSKI volunteered to assist the other detective, both of whom were in the same vehicle for that assignment. Instead of responding to the location to attempt the firearm recovery, Detective LEWANDOWSKI was responding to a location for reasons not related to aid in the recovery of the firearm.

During a PI-21 interview, Detective LEWANDOWSKI stated she had previously activated the emergency lights and siren to prevent a vehicle from pulling out and striking

her vehicle. Detective LEWANDOWSKI stated she turned off the siren, but thought she left the emergency lights on. Detective LEWANDOWSKI indicated there was no other reason for the emergency lights to be activated. Detective LEWANDOWSKI admitted she was not responding to recover the firearm at the time of the accident, but going to District Five to help an officer with a personal issue. Detective LEWANDOWSKI indicated she had been at District Five for the same issue earlier.

The department vehicle was determined to be "totaled" with a value of $4,525. Detective LEWANDOWSKI, a second detective, and a citizen were all transported to the hospital for injuries. Both Detective LEWANDOWSKI and the other detective were unable to return to work for a significant period of time.

Detective Shannon LEWANDOWSKI failed to operate the vehicle in a safe and courteous manner while complying with all traffic laws.

**CORE VALUE 3.00 – INTEGRITY:** We recognize the complexity of police work and exercise discretion in ways that are beyond reproach and worthy of public trust. Honesty and truthfulness are fundamental elements of integrity. It is our duty to earn public trust through consistent words and actions. We are honest in word and deed.

**REFERENCING GUIDING PRINCIPLE 3.10:** All department members shall be forthright and candid, orally or in writing, in connection with any administrative inquiry or report.

**SPECIFICATION:** On January 19, 2015, at 2:17 a.m., Detective Shannon LEWANDOWSKI, while on-duty, was involved in a squad accident that occurred at North 35th Street and West North Avenue. Detective LEWANDOWSKI was operating a department vehicle eastbound on West North Avenue with the emergency lights and siren activated. The department vehicle crashed into a vehicle that had attempted to travel northbound through the intersection with a red or yellow traffic light on North 35th Street.

Prior to the squad accident, the passenger in the department vehicle, also a detective, had been assigned and intended to recover a firearm used in a shooting incident. Detective LEWANDOWSKI volunteered to assist the other detective, and both were in the same vehicle for that assignment. Instead of responding to the location to attempt the firearm recovery, Detective LEWANDOWSKI was responding to a location for reasons not related to aid in the recovery of the firearm.

At approximately 2:04 a.m., Shorewood Police Department Sergeant Cody SMITH had contact with Detective LEWANDOWSKI'S son, Mr. Jordan LEWANDOWSKI, near 3616 North Maryland Avenue. Sergeant SMITH indicated during an interview, Mr. LEWANDOWSKI informed him his mother was a Milwaukee Police Detective by handing him a business card, and stated she was on her way to the location.

Police Lieutenant Sean HANLEY documented Detective LEWANDOWSKI contacted him by telephone at about 6:38 a.m. Detective LEWANDOWSKI informed

Lieutenant HANLEY she received a phone call from her son, while driving to District Five, informing her he had been stopped by the UWM (University of Wisconsin - Milwaukee) Police Department. Additionally, Detective LEWANDOWSKI informed Lieutenant HANLEY she was driving to the area of UWM first to find her son. Lieutenant HANLEY documented Detective LEWANDOWSKI stated her emergency lights were activated to make cars pull over and get out of her way, but not to operate as an emergency vehicle.

Witnesses at the scene of Detective LEWANDOWSKI'S accident reported hearing her state that she needed to get her son. Police Sergeant Adam RILEY informed Lieutenant HANLEY that Detective LEWANDOWSKI told officers on the scene she was responding to the area of UWM, because her son had been stopped by the UWM Police Department. Sergeant RILEY later informed Lieutenant HANLEY that witnesses were also making these statements. A witness, Jasmin HERNANDEZ, observed the white female detective use a phone and stated something regarding that she needed to get her son from the UWM Police Department. Police Officer Joseph BOEHLKE indicated the only thing he heard from Detective LEWANDOWSKI was "just something about her son, that she had to get to her son." Officer BOEHLKE did not recall the exact words of Detective LEWANDOWSKI stating, "I don't recall the exact words, but it seemed something to the effect of I need something about my son, or I need to get to my son."

During a PI-21 interview, Detective LEWANDOWSKI stated she had previously activated the emergency lights and siren to prevent a vehicle from pulling out and striking her vehicle. Detective LEWANDOWSKI stated she turned off the siren, but thought she

7
Case 2:16-cv-01089-WED   Filed 04/22/19   Page 7 of 8   Document 80-7

left the emergency lights on. Detective LEWANDOWSKI indicated there was no other reason for the emergency lights to be activated. Detective LEWANDOWSKI admitted she was not responding to recover the firearm at the time of the accident, but going to District Five to help an officer with a personal issue. Detective LEWANDOWSKI indicated she had been at District Five for the same issue earlier.

Detective LEWANDOWSKI acknowledged she received a telephone call from her son informing he had been stopped by a Police Officer. Detective LEWANDOWSKI stated she was not meeting her son, and indicated Lieutenant HANLEY'S report was not accurate.

Detective Shannon LEWANDOWSKI failed to be forthright and candid, orally or in writing, in connection with any administrative inquiry or report.

* * * * * * * *

A copy of Personnel Order No. 2015-150 concerning the disciplinary action I have taken against Detective Shannon LEWANDOWSKI is attached.

In the interest of public welfare, good order of the City, and for the good of the police service, the disciplinary action I have taken against Detective Shannon LEWANDOWSKI is required, such disciplinary action being set forth in Department Personnel Order No. 2015-150.