UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SHANNON LEWANDOWSKI

    Plaintiff,

  v.                                     Case No: 16-CV-1089

CITY OF MILWAUKEE

    Defendant.

**PLAINTIFF'S ANSWERS TO DEFENDANT'S
FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** Please identify the custom, policy, practice, or procedure that allegedly caused the violation or violations of your constitutional rights in relation to your § 1983 claim, specifically stating the facts or evidence which would support that claim.

**ANSWER TO INTERROGATORY NO. 1:** The Milwaukee Police Department has a widespread, longstanding unwritten policy of treating male officers more favorably than female officers and retaliating against individuals who make complaints against other department members. See Amended Complaint, transcript of Fire & Police Commission hearing.

**INTERROGATORY NO. 2:** Please provide the names, address, phone numbers and any other contact information for anyone who may have information to support your claims in the instant matter, as well what information that person may know.

**ANSWER TO INTERROGATORY NO. 2:** See Plaintiff's Initial Disclosures and Defendant's

Initial Disclosures; in addition, see Answer to Interrogatory No. 5, below.

**INTERROGATORY NO. 3:** Identify each and every injury and/or monetary damage you claim you have sustained for which you believe the defendant liable in the instant matter.

**ANSWER TO INTERROGATORY NO. 3:** I sustained a total loss of employment from my termination on December 16, 2015 at $35.35/hour until I started my present position on May 15, 2018 at $26.00/hour. I had to withdraw money from my retirement plan to support myself during this time. I had out-of-pocket medical expenses that Defendant's worker's compensation insurer refused to pay for my work accident. I incurred thousands of dollars in attorney fees and costs in my appeal of the Fire & Police Commission result all the way to the Wisconsin Supreme Court. I also incurred significant expenses in relocating from Milwaukee, Wisconsin to Dallas, Texas to find other employment, and I had to pay for my own law enforcement training in the State of Texas in order to obtain my present position.

**INTERROGATORY NO. 4:** State whether or not you have knowledge of any photographs, videotapes, tape/audio recordings, written memorandum, journals, diaries, and/or social media postings concerning the subject matter of this lawsuit. If so, describe each such item, the present location of each item, and state when each item was created, written or made, and by whom.

**ANSWER TO INTERROGATORY NO. 4:** <u>Photographs:</u> I have photos of my injuries sustained in the car accident that led to my termination as well as photos I took during Early Intervention training by the department. See documents produced in response to Defendant's First Set of Requests for Production of Documents. <u>Videotapes:</u> None. <u>Tapes/audio recordings:</u> I have audio recordings of various department members discussing matters contained in the complaint. See Bates Nos. 1001-1019, attached, containing such information. <u>Written memoranda:</u> I wrote numerous memoranda in this case and submitted them to the Milwaukee Police Department, the

2

Fire & Police Commission, and to Chief Flynn.  See documents produced in response to Defendant's First Set of Requests for Production of Documents.  <u>Journals:</u>  I kept a journal on my computer of events related to this case.  See documents produced in response to Defendant's First Set of Requests for Production of Documents.  <u>Diaries:</u>  None.  <u>Social media postings:</u>  I only posted news media articles about my case, but no statements or comments that I wrote myself.

**INTERROGATORY NO. 5:** Describe with particularity the basis for your allegation(s) that you were subjected to a violation of your constitutional rights or rights under Title VII, or any other law you state or may state claims under in the instant matter, including within your answer the following:

    a.      a description of the actions, conduct, or omissions by any individual, which you believe support such allegations;

    b.      all other facts upon which your allegations are based;

    c.      the identity of persons with knowledge of those facts; and

    d.      a detailed description of each document which supports your allegations.

**ANSWER TO INTERROGATORY NO. 5:**  See Amended Complaint, Plaintiff's Initial Disclosures, Defendant's Initial Disclosures, transcript of Fire & Police Commission hearing.  In addition, Plaintiff is aware of the following comparator information demonstrating that male officers committing violations of the Defendant's Rules of Conduct the same as or worse than Plaintiff were treated more favorably than Plaintiff:

1. <u>Reginald Hampton</u> was accused of sexually assaulting two women he met on duty. Fire & Police Commission overturned and gave him 60 days.  I worked with him in District 7 and have news accounts of his conduct.
2. <u>Mark Kapusta</u> pointed a gun a woman's head in a drunken road rage. Woman was delivering papers and when Kapusta honked at her and she honked back, held a gun and aimed the gun at the woman's head. Kapusta admitted to being drunk and when questioned changed his story. FPC reduced firing to 60 days and he remained on the force.  I have news

accounts of his conduct.
3. Patrick Fuhrman, charged with felony beating that sent his wife to a hospital, ended up with a disorderly conduct ticket. He beat his wife, throwing her on the floor and leaving her with bruises on her face, legs, elbows and shoulders, and she needed stitches. Fuhrman admitted to the abuse, stated that he was sorry, and kept his job with a plea bargain. Fuhrman along with 14 other Milwaukee police benefited from deferred prosecution. He was in my class and at District I worked in; his wife worked at the same district. He also got into an altercation at work with another officer in District 3 and was not disciplined. I also have news accounts of his conduct.
4. John Corbett was convicted of drunk driving with a child in the car, had his 13 year old daughter drive the auto. I worked with him in District 3 and he had a drinking problem, and I have news accounts of his conduct.
5. Robert A Brown, II, fought with his girlfriend in 1998 and was to finish anger management classes which he did not, and he blamed it on an oversight.
6. Scott D. Charles was accused of on-duty sexual misconduct; he was promoted to Sergeant after that and was a supervisor.
7. Robert Velez's wife fled from her home to escape abuse in 2011, and Robert Velez then punched her and her boyfriend in the face threatening to kill them; he was arrested for battery and misconduct in public office and was suspended for only 6 days. He was in my class and I have news accounts of his conduct.
8. Detective Edward McCrary was charged with disorderly conduct when he fought his wife and choked her cousin. He kept his job even though he never held up his part of the plea bargain to get therapy. I worked with him and he was put on desk duty for domestic violence.
9. Sergeant Charles Cross kicked in the apartment door he shared with his girlfriend and got his charges dismissed if he got help. I heard about this conduct from other officers and I have news accounts of his conduct.
10. Zebedee Wilson violated a restraining order in 1994 and his wife needed surgery after he kicked and punched her in the face, but Tommy Thompson, the governor, erased the conviction and he kept his law enforcement career. I have news accounts of his conduct.
11. Darryl Winston was the assistant chief who oversaw performance and discipline. He was caught in sexual misconduct on and off the job with young boys. I knew about this from other officers.
12. Herb Glidewell had a restraining order against him for domestic violence by his wife, Jill Riley, until 2013. While on duty, Herb Glidwell was home without knowledge of his supervisors. I know that Herb Glidwell committed perjury in 2010 in formal court proceedings. He was protected by the department and never disciplined. I know both parties.
13. Lt. David Salazar was investigating wrongdoings by other officers when he was a suspect in a domestic abuse allegation with his wife. The dispatch reports that his wife called and stated that Salazar was drunk and breaking in the door. Then the recordings were purged

4

from the system and the story changed. The allowance of officers to hide behind the discretion of many of the DV cases is unacceptable. He continues to investigate officers of wrongdoing.  He was my Captain in 2015 when he was sent to the Intelligence Division.
14. <u>Chief Edward Flynn</u> stated that domestic violence is a priority for the department, rolling out an initiative to combat the problem, targeting repeat offenders and calling for greater protection of frequent victims. He has essentially done nothing to combat the problem except issuing this statement.
15. <u>Lt. Steven Kelly</u> was demoted to Sergeant in 2017 after kicking and spitting on someone. Fire & Police Commission Executive Director Mary Nell Regan did nothing about it. Kelly was disciplined for not being civil to a coworker. Chief Flynn suspended Kelly for 5 days for not treating other employees properly, using profanity laced language, and his schedule had to be changed to accommodate other employees that he harassed. Kelly lied in my case; he never came to the hospital and talked to me although he claimed that he did.  I also have news accounts of his conduct.
16. <u>Lt. Dennis Turczinski</u>, lied on his time cards and stole overtime. He also lied about his dog kennel business, but continues to have a job.  I knew him and I also have news accounts of his conduct.
17. <u>Alex Ayala</u> lied to ICE and PPD regarding his brother Oscar Ayala using a dead cousin's name. He was never fired, and served no suspension.  I knew him and worked with him, and I also have news accounts of his conduct.
18. <u>Bradley R. Dall</u> sexually harassed women on the job was demoted and then promoted again and not fired.  I knew him and he supervised me and sexually harassed me as well.  I know that one of his victims wrote a complaint to the Fire & Police Commission after she was forced to quit the department.
19. <u>Joshua Albert</u> tased a police aide in the face on duty and was not disciplined for it.  I have news accounts of his conduct.

Responsive documents regarding the news accounts on these comparators are attached in response to Defendant's First Set of Requests for Production of Documents.

**INTERROGATORY NO. 6:** Provide in detail a list of sources of income for you since your separation from employment with the City of Milwaukee, including all employment and salary information.

**ANSWER TO INTERROGATORY NO. 6:**  I drove once or twice for Uber until I started employment with Methodist Health Police Department on May 15, 2018 at the rate of $26.00 per

5

hour, 40 hours per week, continuing to the present time.

**INTERROGATORY NO. 7:** Provide in detail, a list of all employment applications you have filed or sent in pursuit of employment since your separation from employment with the City of Milwaukee.

**ANSWER TO INTERROGATORY NO. 7:** See documents produced in response to Defendant's First Set of Requests for Production of Documents.

**INTERROGATORY NO. 8:** Provide in detail, any and all facts and information relative to any business ventures you have started or been involved with since your separation from employment with the City of Milwaukee.

**ANSWER TO INTERROGATORY NO. 8:** I did not start any businesses. I did briefly drive for Uber once or twice in Dallas, Texas, prior to starting my current law enforcement position.

**INTERROGATORY NO. 9:** Please indicate all offers of employment you have received since your separation from employment with the City of Milwaukee, including identifying what company for which the offer was made, who made the offer, when it was made, what the job or job title was, how much and what kind of compensation and /or salary you were offered, whether you accepted the offer, and if you did not, why not.

**ANSWER TO INTERROGATORY NO. 9:** My only job offer was from Methodist Health Police Department, 1441 North Beckly, Dallas, Texas 75203. I started as a police officer with them on May 15, 2018, working 40 hours per week at a rate of $26.00/hour and I am presently employed in that position.

**INTERROGATORY NO. 10:** Please identify the acts, omissions, or anything else that allegedly

caused the violation or violations of your employment rights, or anything otherwise that constituted a claim, in relation to your Title VII sex discrimination claim, specifically stating the facts or evidence which would support that claim.

**ANSWER TO INTERROGATORY NO. 10:** See Amended Complaint, transcript of Fire & Police Commission hearing. In addition, see Answer to Interrogatory No. 5, above.

**INTERROGATORY NO. 11:** Please identify the acts, omissions, or anything else that allegedly caused the violation or violations of your employment rights, or anything otherwise that constituted a claim, in relation to your Title VII sex retaliation claim, specifically stating the facts or evidence which would support that claim.

**ANSWER TO INTERROGATORY NO. 11:** See Amended Complaint, transcript of Fire & Police Commission hearing. In addition, see Answer to Interrogatory No. 5, above.

**INTERROGATORY NO. 12:** Please identify the protected activity you engaged in in relation to your Title VII sex retaliation claim, specifically stating the facts or evidence you possess in support of proving you engaged in that activity.

**ANSWER TO INTERROGATORY NO. 12:** See Amended Complaint, transcript of Fire & Police Commission hearing; I complained to the Milwaukee Police Department, the Milwaukee Fire & Police Commission, and Police Chief Flynn in writing on numerous occasions about the sexist and retaliatory treatment I and others received from Defendant. See documents produced in response to Defendant's First Set of Requests for Production of Documents. Attached. In addition, see Answer to Interrogatory No. 5, above.

Dated this 24 day of October, 2018.

_____
Shannon Lewandowski, Plaintiff

Subscribed and sworn to before me
this 24th day of October, 2018.

_____
Notary Public, State of Wisconsin
My Commission: is permanent

AS TO OBJECTIONS:
HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff

_____
Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com