

# City of Milwaukee

**Police Department**

Nannette H. Hegerty
Chief of Police

PERSONNEL ORDER 2007 – 212

September 7, 2007

RE: DISCIPLINARY ACTION

POLICE OFFICER ALEXANDER C. AYALA (014096), Second District, charged with violation of Department Rules and Procedures as follows:

| | |
|---|---|
| Rule 4, Section 2/105.00: | Untruthfulness. |
| Rule 4, Section 2/110.00: | Failure to promptly communicate to his commanding officer information the Department takes cognizance. |

The charges having been substantiated, he is found guilty as charged and the penalty adjudged appropriate by the Chief of Police is as follows:

| | |
|---|---|
| Untruthfulness. | Discharged from the Department. |
| Failure to promptly communicate to his commanding officer information the Department takes cognizance. | Ten (10) day suspension without pay. |

It is hereby ordered that POLICE OFFICER ALEXANDER C. AYALA be suspended without pay for ten (10) working days. It is also ordered that POLICE OFFICER ALEXANDER C. AYALA be discharged from the Department. [To be removed from the payroll when appeal time limit is tolled (ten days after date of service of this order), if discharge is not appealed.]

NANNETTE H. HEGERTY
CHIEF OF POLICE

NHH:smc
(07-0394)

Police Administration Building, 749 West State Street, Post Office Box 531, Milwaukee, Wisconsin 53201-0531   (414) 933-4444
Web Site: http://www.milwaukeepolice.org
Case 2:16-cv-01089-WED   Filed 04/22/19   Page 1 of 7   Document 80-23



**City of Milwaukee**

Police Department

Edward A. Flynn
Chief of Police

PERSONNEL ORDER 2008 - 08

January 14, 2008

RE: MODIFICATION OF DISCIPLINARY ACTION

POLICE OFFICER ALEXANDER C. AYALA (014096), Personnel Division, was dismissed from the Department for violation of Department Rules and Procedures as follows: Rule 4, Section 2/105.00: Untruthfulness. POLICE OFFICER ALEXANDER C. AYALA also received a ten (10) day suspension for violation of Rule 4, Section 2/110.00: Failure to promptly communicate to his commanding officer information the Department takes cognizance. (Personnel Order #2007 – 212, promulgated by CHIEF OF POLICE NANNETTE H. HEGERTY on September 7, 2007). POLICE OFFICER ALEXANDER C. AYALA appealed these charges to the Fire and Police Commission. In its decision, dated January 9, 2008, the Board of Fire and Police Commissioners ordered that relative to violation of Rule 4, Section 2/105.00, POLICE OFFICER ALEXANDER C. AYALA be suspended without pay for ten (10) working days, to be imposed consecutive to the ten (10) day suspension imposed by CHIEF OF POLICE NANNETTE H. HEGERTY for the violation of Rule 4, Section 2/110.00.

Accordingly, it is hereby ordered that POLICE OFFICER ALEXANDER C. AYALA be charged with the above violations of Department Rules and Procedures and serve a suspension for a total of twenty (20) consecutive working days without pay. It is hereby ordered that the twenty (20) day suspension without pay shall commence, January 9, 2008. POLICE OFFICER ALEXANDER C. AYALA will return to duty, February 6, 2008 after his scheduled off days.

EDWARD A. FLYNN
CHIEF OF POLICE

EAF:js

Police Administration Building, 749 West State Street, Post Office Box 531, Milwaukee, Wisconsin 53201-0531  (414) 933-4444
Web Site: http://www.milwaukee.gov/police

BOARD OF FIRE AND POLICE COMMISSIONERS

OF THE CITY OF MILWAUKEE

---

In the matter of the appeal of

ALEXANDER C. AYALA                                              COMPLAINT

---

TO THE HONORABLE, THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF MILWAUKEE:

Now comes NANNETTE H. HEGERTY, Chief of the Police Department of the City of Milwaukee, and makes the following charges against POLICE OFFICER ALEXANDER C. AYALA, who, on September 7, 2007, was ordered suspended for ten (10) working days and discharged from the Department.

**COUNT #1 – RULE 4, SECTION 2/105.00:** Any member who is intentionally untruthful, either orally or in writing, whether under oath or otherwise, shall be subject to charges inasmuch as untruthfulness is a serious disqualification for the police service.

**COUNT #1 – SPECIFICATION:** That on May 30, 2007, Police Officer Alexander C. AYALA (off-duty) accompanied his mother to 310 East Knapp Street, the offices of Immigration and Customs Enforcement for her application for naturalization. Officer AYALA was interviewed at that time by DHS-ICE Special Agent STILLINGS. Officer AYALA agreed to provide a witness affidavit (Form I-215W – contained within

1

investigative packet). Special Agent STILLINGS read (word for word) the beginning of the affidavit which reads in part, "I, Alexander AYALA (handwritten), acknowledge that the above named officer has identified himself to me as an officer of the United States Immigration and Naturalization Service authorized by the law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. He has told me that my statement must be made freely and voluntarily. I am willing to make such a statement. I swear that I will tell the truth, the whole truth, and nothing but the truth, so help me God."

In the presence of Special Agent STILLINGS, Officer AYALA raised his right hand and swore or affirmed that he would tell the truth, the whole truth, and nothing but the truth. Officer AYALA wrote the following in part, "I'm Alexander C. AYALA, my mother is Maria R. AYALA. My brother is Oscar E. AYALA and lives in Mexico. Oscar E. AYALA, Mexican citizen." Special Agent STILLINGS then confirmed with Officer AYALA that the statement he just provided was truthful, signing the affidavit and indicating the time to be 3:04 p.m., on 05-30-07.

During his PI-21 interview at the Professional Performance Division, Officer AYALA admitted to authoring this document (Form I-215W) and that his signature was affixed at the bottom. Officer AYALA also admitted writing the statement, "My brother is Oscar E. AYALA and lives in Mexico." When asked if this statement was true, Officer AYALA stated that it was not. Officer AYALA admitted that at the time he affirmed the statement, "My brother is Oscar E. AYALA and lives in Mexico," he knew the statement was not true. It should be noted that on May 30, 2007, Police Officer Oscar Ayala

2

CORNEJO was taken into custody by DHS-ICE agents and on May 31, 2007, charged with a violation of 18 U.S.C. 911 - Citizen of the United States (False Claims to USC).

Police Officer Alexander AYALA was intentionally untruthful, in writing, in connection with an inquiry conducted by DHS-ICE.

**COUNT #2 RULE 4, SECTION 2/110.00:** Members of the Department shall communicate promptly to their commanding officer all catastrophes, crimes, suicides, attempted suicides, fires, serious accidents, and all important public occurrences, complaints, and information of which the Department takes cognizance, which may come to their attention. Members shall not withhold "tips" or information with a view to personal achievement or for any other reason.

**COUNT #2 SPECIFICATION:** That on November 26, 2001, Police Officer Jose A. MORALES (also known as Police Officer Oscar Ayala CORNEJO) was appointed to the Department. Police Officer Alexander C. AYALA admitted knowing that at the time he (Officer CORNEJO) was appointed to the position of police officer, Officer CORNEJO was not a legal resident of the United States. Officer AYALA indicated he has known since approximately 1992 that Oscar CORNEJO was not a legal United States resident. Officer AYALA also indicated he did not report this information to any commanding officer of the Department, nor to agents at Immigration and Naturalization Services.

The resident status of Officer CORNEJO is an important public occurrence as, among other things, it directly affects the credibility of criminal cases in which Officer CORNEJO is involved. Additionally, the resident status of a police officer is information

of which the Department takes cognizance. Officer AYALA had knowledge that Officer CORNEJO was not a legal resident of the United States and failed to report that information to the Department. Officer AYALA revealed his knowledge about Officer CORNEJO's resident status only when interviewed by agents from the Department of Homeland Security – Immigration and Customs Enforcement, and the Professional Performance Division on May 30, 2007 and June 26, 2007, respectively.

Police Officer Alexander AYALA failed to communicate promptly to his commanding officer all important public occurrences, complaints, and information of which the Department takes cognizance.

\* \* \* \* \* \* \* \*

A copy of Personnel Order No. 2007-212 concerning the disciplinary action I have taken against Police Officer Alexander C. AYALA is attached.

In the interest of public welfare, good order of the City, and for the good of the police service, the disciplinary action I have taken against Police Officer Alexander C. AYALA is required, such disciplinary action being set forth in Department Personnel Order No. 2007-212.

Dated at Milwaukee, Wisconsin this 7th day of September 2007.

*[signature]*
NANNETTE H. HEGERTY
CHIEF OF POLICE

NHH:smc
Attachment (1)