Form PM-9E
11/09

# MILWAUKEE POLICE DEPARTMENT
## MEMORANDUM

**Date: 05-03-15**

**TO:** **Edward A. Flynn, Chief of Police**

**FR:** **Detective Shannon Lewandowski**

**RE:** **IAS #15-0026**





I am respectfully submitting this memorandum regarding my recent IAS#15-0026 regarding a charge of the Core Value 3.0 Integrity.

I feel it is extremely relevant to address that I was present in Children's Court on January 23, 2015 to support the victim's per their request. I was asked by victim Claudaire Montley, to accompany him to the hearing as he needed the support since he no longer lives in Milwaukee WI., and would flying in from Los Angeles, California. The reason that I was asked to attend was because I gained the victim's trust (public's trust) by doing an exemplary, and detailed investigation which lead to the arrest of the defendant in this proceeding. The offense had several charges of Armed Robbery and Recklessly Endangering Safety. I gained the confidence of the community by my diligence which was reflected in the statement of the victim in this case, as well as several other robberies directly related.

I did audio record a brief portion of the victim's testimony, which Claudaire Montley was aware of. This was done only to provide the victim a short synopsis of his testimony that he could send to his wife who could not be present since she was in Afghanistan. Due to the fact that this hearing was a public hearing, with authorization for a large camera present for their personal documentary, that of which I am also part of, I did not think I was conducting myself in any unethical manner or doing anything wrong by recording approximately 36 seconds of Mr. Montley's statement. The Commissioner/Judge (Swanson) had made an exception to the First Judicial District Milwaukee County Court Rules pertaining to electronic devices being allowed to be used in this court room. ADA Hammond acknowledged that my actions were not in violation of State law and that the deputies were "confrontational" with me. This was the first time I found myself in this unique situation, which was the open "public hearing" with the taping of the entire proceeding. Judge Swanson entered the court room and opened the doors to the public verbally, and never stated that cell phones needed to be turned off, which is routine in every hearing. - - - - - - 1 4 6 3

I never initially identified myself as representing the Milwaukee Police Department, but was identified by the deputy as a police officer. I was and am conscious of my position as a Milwaukee Police Department member, and remained professional the entire time. I believe that any reasonable person would expect that I was conducting myself in a professional manner. The victim's in the courtroom also stated that they appreciated my presence and my conduct, and felt that it did not reflect any wrong doing or the appearance of impropriety or corruptive behavior. I was contacted by the victim Claudaire Montley to inform me that he sent a letter to Mayor Tom

Barrett praising me for solving the crimes, and my support which was over and beyond expected since they could not get cooperation with the original investigator of his incident. Claudaire Montley stated that he and his wife, both lawyers, wrote a letter prior to my findings that they were disappointed in the lack of solvability from the Milwaukee Police Department in his case (SEE ATTACHED LETTER). Claudaire Montley later informed me that he was told of my suspension and called me (in text form), "That is crazy!!! I'm sorry to hear that and I don't think it is fair." (SEE ATTACHED COPY OF MESSAGE).

When Judge SWANSON asked me about the recording, I stated that I was a "back up" for the documentary. However I did not mean "back up" for the documentarian, but rather I meant for Claudaire Montley, who was aware that I was going to record him, and to quickly obtain some sort of requiescence to the moment.

This incident in court occurred on January 23, 2015, and it should be noted that I suffered a traumatic brain injury as well as bodily bruising/injury and was on crutches from an on-duty accident as a result of a drunk driver striking my squad on January 19th. I informed Claudaire Montley of my injuries and he continued to ask for my support. I arranged for my family to take me to the proceedings, and did not feel well, which has resulted in a lengthy and ongoing recovery. My son Jordan Lewandowski was present during the entire court proceedings, as well as another friend, and neither were interviewed regarding (SEE ATTACHED LIST).

Judge SWANSON asked me if I had recorded any of the proceedings and I replied that I had. I was asked to erase them, which I did. I was never told by Judge Swanson that I was in contempt of court, or even could be in contempt at any time (SEE TRANSCRIPTS). I complied and left the court room and the entire dialogue lasted approximately one minute as I removed myself voluntarily in order to not cause a disturbance or problem. After the court proceedings, the victim's visited with me at my residence and thanked me for getting involved which subsequently solved over 40 armed robberies and inspired and sustained their confidence in the City of Milwaukee Police Department.

Prior to my involvement, Mrs. Montley was less than pleased with the forward movement of the investigation which was also stated in a letter provided to me by Lt of Police, Herb Glidewell on 06-29-14. On page 2, Mrs. Montley stated, "I am concerned that whoever committed this crime against my family is still out there...Milwaukee has to step up and find out who did this to my husband....if we can find Osama bin Laden, certainly we can't let the criminals involved in this senseless act of violence evade justice..." (SEE ATACHED marked A).

Additionally Claudaire Montley was handcuffed to the bed by officers after he was shot. Unable to talk to his wife to tell her he was shot or where he was for two days, he was told he was a suspect. I further assisted on behalf of the City of Milwaukee by listening to his complaint and strengthening his trustworthiness in the Milwaukee Police Department with the first goal of solving his crime, and addressing those concerns afterwards.

I was contacted by Detective DRAEGER two days after this hearing that the deputies had yelled at him also, and that he observed me leave, and could only hear the Deputies yelling at me. ADA Hammond also stated that the deputies were being confrontational as they stood over me, and she never observed that I was uncooperative in any way, and did not jeopardize the case or violate State Law. ADA HAMMOND stated that even if the recording was shared, (which it was not, but erased) I would have not been in violation of state law or compromised the States position as it was an open hearing to the public. `- - - - - - 1464`

On February 10, 2015 I wrote and mailed a letter to Judge Swanson to apologize and to explain that my actions were not done with malice. I also wanted to preserve my reputation as it is of the upmost importance to me, as well as my professional relationship with the judicial system. I was also shocked at the female deputies actions toward me. Additionally, I have always conducted myself in a professional and honest way with accuracy in my actions in the presence of not only the court, but also in the front of my son (SEE ATTACHED COPY OF LETTER MARKED B).

I have had further discussions with Commissioner Barry Slagle regarding what occurred since he was directly outside of the court proceeding when I removed myself from the hearing. Commissioner Slagle can attest that I was not representing myself as a member of the Department in attire or verbally, and stated that the deputies overreact. Commissioner Slagle also stated that if a Commissioner is even considering "Contempt" charges, they will be stated so on the record. No such statement was ever made by Judge Swanson (SEE ATTACHED TRANSCRIPTS). Commissioner Barry Slagle also informed me that in March, 2015, Nathan KING who was supposed to be confined to a wheelchair and on a monitoring bracelet was in a stolen minivan taken in a carjacking which D2 officers chased, and has since been waived into adult court. Neither his wheelchair was present nor the monitoring device on his leg. Commissioner Barry Slagle stated that he is absolutely willing to make a statement on my behalf supporting me.

Respectfully submitted,

Detective Shannon Lewandowski

RECEIVED

15 MAY -6 PM 1:09

MILWAUKEE POLICE
INTERNAL AFFAIRS
DIVISION

- - - - - -1 4 6 5