# MILWAUKEE POLICE DEPARTMENT
## MEMORANDUM



Date: November 12, 2015

TO: Fire and Police Commission

FR: Detective Shannon Lewandowski

RE: Misconduct in Office

---

I am once again reporting the misconduct in office of two members of the Milwaukee Police Department; Lieutenant of Police Sean Hanley and Sergeant Adam Riley. This complaint is a formal allegation of misconduct which began with the inaccurate and false statements made by Sergeant Adam Riley of District Three on January 19, 2015. These statements were made during an accident that I was involved in, IR#15 019 0017, MPD Accident # QQD1J1J. Sergeant Riley took part of a statement made at a crime scene, one that I did not make, and knowingly passed on an untruth with the intent to deceive and give a false impression. To imply a falsity as this one is slanderous at a minimum.

According to the investigation done by the Internal Affairs Division regarding the accident, claims were made that I informed officers on the scene that I was responding to the area of UWM because my son had been stopped by Police. This is false. Although I was knocked unconscious, when I became of mind, I merely asked for anyone to bring my son to the hospital. My 21 year -old- son is the only family I have in the city of Milwaukee, and just as other officers assisted the other victims in calling their loved ones, I supposedly was not allowed.

These statements made were not only insensible and impervious, but below and contrary to the standards expected in a Sergeants profession and status. They were not only thoughtless and carelessly made, but they have had an adverse impact on my recovery, my reputation, and on the integrity of Lieutenant Sean Hanley, and members of the Internal Investigations' a whole.

The verbal statements used against me were "overheard" and received from other unknown officers. These statements cannot adequately be used as "fact" in an investigation. As of today's date, November 12, 2015, (297) days have passed, (9 months, 24 days) and there is still no written report of Sergeant Adam Riley's observations, and no report written about what he was told and by whom. On page 11 of 22 of IAD report submitted by Sergeant Adam ZIEGER, Sergeant Riley described how he "heard" that I was going to UWM to "intervene," but has no idea who had said that.

This scene was treated as a crime scene, as Lieutenant of Police Sean Hanley ordered Detectives to conduct interviews, and informed those arriving that I had traveled in the squad, on- duty, not in the mission or duty as a detective of police. I know this due to the fact that I was informed by Detective Troy JOHNSON of Central Division on the same day, as well as Lieutenant of Police Kevin Armbruster on January 21, 2015. Detective Troy JOHNSON stated to me, "I can't talk to

you because you are "hot" I was told that it is in my best interest not to communicate with you since I am on probation, and I don't want to lose my rank."

According to the Milwaukee Police Department Standard Operating Procedures, 725 Crime Scene Investigation effective August 21, 2014, specifically order #725.15(10)(a). "The success of our investigations is dependent upon the support, trust, and cooperation of our witnesses. While it is critical to gather information in a timely manner, the circumstances of an investigation and the emotional state of a witness should be considered and may occasionally necessitate that an interview be delayed."

Also, Order 725.15(15) states, "All officers, having performed any tasks at a crime scene, shall file a written report detailing their activities prior to securing for duty. From time to time it may be necessary to file reports at a later date; however, this shall only be done with the approval of a supervisor in charge of the investigation."

According to the patrol sergeant's responsibilities, he/she is to communicate the "facts" of the case to his/her shift commander. Facts are indisputable. They are not part of hearsay, or rumors. Determining what is the truth is difficult when Sergeant Adam Riley never interviewed me, and with his subjective opinion, along with that of Lieutenant Sean Hanley's opinion, the facts ended up buried deep within, and I have been treated dishonestly, underhandedly and improperly.

This abuse of process, abuse of authority, lack of courtesy and professionalism went even further when Lieutenant of Police Sean Hanley, as well as Acting Captain of Police Johnny Sgrignuolli, attended multiple roll calls with Detectives in the Central Division as well as roll call amongst Patrol Officers, and defamed my character by making these false statements based on Sergeant Adam Riley's hearsay, and without finding out the truth.

The investigation IAD File #IAS-2015-0032 is a reflection of Lieutenant Hanley's continued lies as he wrote in the memo he submitted in December 2014, when he called me into the office demanding that I apologize for writing a memo that included the Chief of Police.

Lieutenant Sean Hanley also lied about the phone call contents that I made to him on the night of the accident.

These statements were published as well as spoken and done so freely, and were injurious, as they informed members and peers at daily roll calls starting on January 20, 2015 at District three and District five. Officers were told that I was going to be fired. These statements made were during the 8 month long investigation, and were not only false, but malicious and recklessly made. The accusations were not only made to my peers, some who were quick to show their support and others who voiced their opinions at roll calls, and at crime scenes.

Sergeant Adam Zieger of IAD also demonstrates this in the interview with Sergeant Adam Riley. What were even more damaging were the concerns of the investigation being voiced at roll call, to the District Attorney's Office and to Probation and Parole Agents who called me and told me.

There has not been even one day that I have been at work since my return from the accident when I have not been approached by other members of MPD, Lawyers from the District Attorney's Office, that of which I had a good standing relationship with, and even in court when I was on the stand. ----- 2130

The following are the only witnesses interviewed on the scene:

1. Jasmin HERNANDEZ W/F 07/18/89 pulled over to the side and did not go through the intersection because they saw the red lights, and heard no siren, Detective Stated something that she needed to get her son from UWM Police Department.
2. Javier GARIVAY W/M 09/14/71 saw unmarked squad thought it was going to do a u-turn based on how it was positioned in traffic and he helped the Black Detective.
3. Juan PEREZ W/M 04/04/84 observed unmarked detective car did not hear siren pulled over to get out of intersection, Driver was yelling my leg is hurt, driver fell to0 the ground.
4. Ricardo PEREZ W/M 09/01/82 saw the detective car spin around and fluids coming from car and he stayed with the driver.
5. Officer Kupsa is mentioned in the report by IAD, but I have no idea who this is since his last name must be spelled wrong and there is no first name.

No reports were generated for the incident from the following officers that were on the scene:

No report by Joseph Boehlke
No report by Joseph Goggins
No report By Sergeant Adam Riley
No report by Debora Stacey
No report by William Krummnow
No report by Jesse Vollrath
No report by Alexander Nuter
No report by Joseph GOGGINS
No report by Michael Destefanis
No report by David Wilhelm
No report by Robert Smith
No report by Anthony Knox
No report by Brian Flannery
No report by Larry Leibsle
No report by Ryan Fekete
No report by Michael Winker

If I were to conduct an investigation as this one was handled, I would be reprimanded. The truth cannot be figured out when so many of IAD members are invested in the rumors and not in the truth. Circling the drain with biased speculations instead of conducting a proper investigation is what was done here. I own recorded proof that members of IAD who investigated my case are unethical, and completed this investigation differently due to gender.

I was not interviewed at the hospital. I was kept separate from Detective Juanita CARR, but she was not interviewed until days later. My son was not interviewed at the hospital even though he made himself available. In fact, he was not interviewed until June 2015 via a phone conversation. This was five months after the fact.

I was not interviewed by anyone until I was summoned to IAD, however Lieutenant of Police Sean Hanley onducted an illegal interrogation of me since he already viewed me as a suspect, and then asked me questions on the phone. I was the target of the investigation by Lt Hanley, yet he never read me my rights. Lt Hanley's conduct allowed the creating of false evidence and is just as unethical as perjury. Furthermore, the statements that Sean Hanley wrote on the memo are false.                                   - - - - - - 2 1 3 1

The only people that can attest to where I was going at the time of the accident is myself, Detective Juanita Carr, Jordan Lewandowski, and Detective Melanie Beasley. Beasley was not

Client Records 000432

interviewed for months, just as my son wasn't. They were available that night. Lieutenant Hanley was at the hospital and never asked me how I was, nor asked me what happened. The ethics and duty of the Milwaukee Police Department have an obligation to make this scene just as important as those we make with the outside community.

The consequences for the inept, faulty investigative thinking has a high cost, which means that my bills are not being paid by Workman's Compensation, damage to my reputation, and considerable conflict at work. I request an outside investigation to look into and properly investigate this incident, as well as the Core Values of Competence and Guiding Principles 1.03, 1.04, 1.05, of IAD members that conducted the investigation, specifically Sergeant Adam Zieger.

I am not assured that the Milwaukee Police Department members mentioned above have maintained integrity throughout any investigation involving me, and once again the disparate treatment of other females in similar circumstances is obvious.

This accident has yet to be charged at the District Attorney's office, with no explanation.

I can be contacted at 1121 N Waverly Pl. #307, Milwaukee, WI 53202., (414) 405-4617.

Respectfully submitted,

Detective S. Lewandowski

- - - - - - 2132

Client Records 000433