UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SHANNON LEWANDOWSKI

    Plaintiff,

v.                                  Case No: 16-CV-1089

CITY OF MILWAUKEE

    Defendant.

## PLAINTIFF'S BRIEF IN OPPOSITION TO PORTIONS OF DEFENDANTS' BILL OF COSTS

Plaintiff hereby opposes portions of Defendants' Bill of Costs totaling $4,084.15 as submitted in ECF 99 and asks that $3,835.75 in expenses be stricken from the proposed Bill of Costs, leaving a total of costs assessed at $248.40.

Although a district court has the authority to award costs, not all expenses in connection with a lawsuit are recoverable costs; only costs specifically recognized by statute are recoverable. 28 U.S.C. § 1920; *Illinois v. Sangamo Construction Co.,* 657 F.2d 855 (7th Cir. 1981). The Supreme Court has emphasized that the scope of taxable costs under section 1920 is narrow and "limited to relatively minor, incidental expenses." *Taniguchi v. Kan Pac. Saipan, Ltd.,* 566 U.S. 560, 573 (2012). The Seventh Circuit has held that when ascertaining which expenses are recoverable under RULE 54(d), FED. R. CIV. P., the district court's inquiry is two-fold: "1) are the expenses recoverable 'costs'? and 2) are the costs reasonable, both in amount and necessity?" *Sangamo Construction Co.,* 657 F.2d at 864. While the district court has considerable discretion in determining whether the expenses claimed by the prevailing party are recoverable costs and taxable against the losing party, this discretion is not

unfettered. *SCA Services, Inc. v. Lucky Stores,* 599 F.2d 178, 180 (7th Cir. 1979). Defendant has submitted $4,084.15 in costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."

First, Defendant's submission of $3,490.50 for the transcript of the Fire & Police Commission hearing in 2016 is not appropriate in this case. That transcript was purchased by the City of Milwaukee for use in the appeal of the Fire & Police Commission's decision in Wisconsin state courts, *Lewandowski v. Board of Fire & Police Commissioners of the City of Milwaukee*, WI District Court Case No. 2016-CV-009243 and WI Appeals Court Case No. 2017-AP-001304. That proceeding is separate from this lawsuit and was a review of the "just cause" standard under state law, whereas this proceeding was filed in federal court under Title VII and 42 U.S.C. § 1983 for sex discrimination and retaliation. As this Court is aware, the instant proceeding was stayed for a period of time until the Commission proceedings ended in August 2017. This billed transcript was not ordered for purposes of the instant case, and the Plaintiff should not be taxed with this cost at all.[1]

Second, Defendant has submitted requests for costs not authorized under 28 U.S.C. § 1920(2) relating to two depositions. Defendant submits a court reporter bill totaling $273.15 for the Regan deposition, including $29.40 for exhibits and $17.50 for shipping and handling. Defendant has also submitted a court reporter bill totaling $320.50 for the Sgrignuoli deposition, including $8.00 for exhibits and $22.50 for processing. The Seventh Circuit has denied deposition exhibit costs where the party requesting costs "was already in possession of the deposition exhibits." *Cengr v. Fusibond Piping Sys.,* 135 F.3d 445, 456 (7th Cir. 1998). Defendants received copies of all exhibits from Plaintiff at the depositions, and thus Defendant

---

[1] If this Court disagrees, the 536 pages of transcript should be billed at the deposition page rates published by the Judicial Conference. *Cengr v. Fusibond Piping System*, 135 F.3d 445, 455-56 (7th Cir. 1998). Currently, that rate is $3.65 per page for the original and one copy (see https://www.uscourts.gov/services-forms/federal-court-reporting-program). Thus the allowable cost would be 536 x $3.65, or $1,956.40, not the $3,490.50 as requested in ECF 99-1.

2

did not require copies from the court reporter in either deposition. Thus, this Court should deduct $37.40 from the Bill of Costs for exhibits of the two depositions. "[C]osts associated with delivering, shipping, or handling transcripts are typically non-recoverable ordinary business expenses." *Springer v. Ethicon, Inc.*, 2018 U.S. Dist. LEXIS 48870, *34 (N.D. Ill. 2018, Case No. 17 C 3930). Thus this Court should deduct $40.50 from the Bill of Costs submitted by Defendants for shipping, handling and processing of the two depositions.

In requesting the cost of deposition transcripts, a party must use the deposition page rates published by the Judicial Conference. *Cengr v. Fusibond Piping System*, 135 F.3d 445, 455-56 (7th Cir. 1998); *see also Jobe v. Rager*, Case No. 03-1401, at *3 (C.D. Ill. May. 11, 2006). Currently, the Judicial Conference rate is $.90 per page for one copy (see https://www.uscourts.gov/services-forms/federal-court-reporting-program).

The costs billed for both depositions far exceed the allowable page rate of $.90/page. The Regan deposition transcript was submitted at a cost of $218.50 for 101 pages, resulting in a page rate of $2.16. At the statutory rate of $.90/page, the allowable cost is $90.90. The Sgrignuoli deposition transcript was submitted at a cost of $290.00 for a total of 175 pages (61 (regular) + 114 (confidential)), resulting in a page rate of $1.66 per page. At the statutory rate of $.90/page, the allowable cost is $157.50.

To summarize:

|  | **Submitted Cost** | **Statutorily Allowed Cost** | **Cost Deduction Required** |
|---|---|---|---|
| **F&PC Transcript** | $3,490.50 | $0 | ($3,490.50) |
| **Regan Deposition** | $273.15 | $90.90 | ($182.25) |
| **Sgrignuoli Deposition** | $320.50 | $157.50 | ($163.00) |
| **TOTALS** | $4,084.15 | $248.40 | ($ 3,835.75) |

3

## CONCLUSION

In sum, Plaintiff seeks a reduction in Defendant's Bill of Costs of $3,835.75) for a total cost award to Defendant of $248.40.

Dated this 1st day of October, 2019.

                                          HEINS EMPLOYMENT LAW PRACTICE LLC
                                          Counsel for the Plaintiff

                                          *s/ Janet L. Heins*
                                          Janet L. Heins, WI Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
200 South Executive Drive, Suite 101
Brookfield, WI  53005
(262) 241-8444 voice
e-mail: jheins@heinslawoffice.com